STATE of Minnesota, Respondent,

v.

Steven Ray PACHOLL, Appellant.

No. C9–84–1415.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Harris Darling, Nobles Co. Atty., Worthington, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Steven Ray Pacholl was convicted by a jury of assault in the third degree in violation of Minn.Stat. § 609.223 (1982) for beating his 14-year-old stepson. On appeal he claims the trial court erred in denying his request for an instruction on defense of another and claims that he did not receive a fair trial because the prosecutor asked him questions about his employment status and his residency and committed misconduct in closing argument. We affirm.

## FACTS

On January 23, 1984, Pacholl was living at his home in Worthington with his wife, their one-year-old son, and his wife's two sons by previous marriages, Thomas Camm, age 11, and Nicholas Moorman, age 14. That morning while Pacholl and his wife were having breakfast they heard Thomas and Nicholas fighting in their bedroom. Pacholl's wife went to their room and told them to stop. After they failed to stop fighting, Pacholl entered the room. Thomas Camm and Pacholl's wife testified that Pacholl reached out and struck Nicholas in the face. Pacholl testified that he was reaching to grab Nicholas' shoulder but that Nicholas ducked, causing Pacholl's hand to contact the boy's face and cheek near the left eye. As a result, Nicholas had a bloody and broken nose, a swollen eye, a black and blue face, and a chipped front tooth.

Pacholl's wife testified that she believed she heard Pacholl say he didn't mean to hit Nicholas that hard. She also testified that Pacholl came in the bathroom when she was cleaning up Nicholas and said, "Oh, sh**, I will probably go to jail for this."

In its jury instructions the trial court denied a defense request for an instruction on defense of another along the lines of CRIMJIG 7.06. After he was convicted, Pacholl received a stay of imposition of sentence for three years.

### ISSUES

1. Did the trial court properly deny appellant's request for an instruction on defense of another?

2. Was appellant denied a fair trial because of the prosecutor's questions to him regarding his employment and residence or because of any prosecutorial misconduct in closing argument?

### ANALYSIS

#### I

Pacholl contends that because reasonable force may be used in resisting or aiding another person to resist an offense against him, as provided in Minn.Stat. § 609.06(3) (1982), the jury should have been instructed that he could have used reasonable force in protecting Thomas Camm from being assaulted by Nicholas. In denying Pacholl's request for an instruction on defense of another, the trial court said:

The request is denied because the defense is inconsistent with the defendant's own position for one thing. His defense is that he didn't commit an assault at all because he never intended to do so, it was all accidental. That's what the defendant himself claims on the stand. He can't turn around now and say yes, I intentionally did it, he did it in defense of someone else. There is no evidence at all that anyone was, at the time that anyone was in danger of any bodily harm. The request is denied.

It is true that a party is entitled to an instruction on his theory of the case if there is evidence to support it. *State v. Ruud,* 259 N.W.2d 567, 578 (Minn.1977), *cert. denied* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). We agree with the trial court that the jury instruction requested by Pacholl need not have been given because this theory was not supported by the evidence. It appears to have been an afterthought, inasmuch as it was first raised by defense counsel at the close of the evidence, was never presented to the jury in an opening statement, and defense counsel examination of witnesses never reflected it. In fact, this theory was inconsistent with Pacholl's own testimony that the incident was an accident. The trial court did not err in denying the instruction.

#### II

A. Pacholl claims he was denied a fair trial because the prosecutor elicited on cross-examination that he was unemployed and had moved several times during the six months before the incident. These were preliminary questions on cross-examination and in no way denied Pacholl a fair trial. *See State v. Tsiolis,* 202 Minn. 117, 126, 277 N.W. 409, 413 (1938).

B. Pacholl also claims the prosecutor committed misconduct in making the following comments on the subject of child discipline:

Now, we talked earlier about the subject matter of discipline and I think all of you probably in your minds have got an attitude about discipline. Some of you have children. If you have children you probably have got your own firm attitude toward what is the proper way in which to discipline your children. I know I have children and I have a certain attitude and I am sure that you do too and I am sure that those of you who do not have children probably have formed some kind of attitude as you watch your relatives or your friends in saying that yes, this is correct discipline or no, it isn't. *Some of you may feel that it is wrong to use any kind of physical force of any kind, spanking, corporal pun-*

*ishment of any kind and if that is the case, then the conduct of Mr. Pacholl in this case cannot be justified on any grounds whatsoever.*

(Emphasis added).

Pacholl claims this comment misstates the law in Minnesota regarding authorized use of force by parents against children for discipline purposes. *See* Minn. Stat. § 609.06(6) (1982). While defense counsel did not rely on this defense, he did raise the subject of corporal punishment in cross-examining Pacholl's wife and in examining Pacholl on direct. The prosecutor was thus justified in making some reference to corporal punishment to rebut any possible defense argument. *State v. Johnson*, 359 N.W.2d 698 (Minn.Ct.App.1984). While the prosecutor's comment was contrary to Minn.Stat. § 609.06(6), the remark was brief and was not objected to by defense counsel. Under the standards set out in *State v. Caron*, 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974), the error was not prejudicial.

## DECISION

The trial court properly denied appellant's request for an instruction on defense of another because there was no evidence supporting appellant's theory. Appellant was not denied a fair trial because of prosecutorial examination of his employment status and residences, and misconduct by the prosecutor in closing argument was not reversible error.

Affirmed.