STATE of Minnesota, Respondent,

v.

Brian K. JOHNSON, Appellant.

No. C3–85–2375.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Hubert H. Humphrey, III, Atty. Gen., Robert J. Alfton, Minneapolis City Atty., C. Lynne Fundingsland, Asst. City Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin Co. Public Defender, David M. Duffy, Patricia C. Nevin, Asst. Public Defenders, Minneapolis, for appellant.

Heard, considered, and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Brian Johnson was convicted of assault in the fifth degree and disorderly conduct for striking his next-door neighbor. He claims the trial court erroneously refused a self-defense instruction and that the evidence was insufficient to sustain his convictions. We affirm.

## FACTS

The State's case consisted of the testimony of two witnesses. Complainant Joanne Malaske testified that on March 21, 1985, she was at her house in northeast Minneapolis. Around 7:00 a.m., she and a friend, Sue Karl, left for work. Malaske saw appellant on the deck of his home next door. Appellant said to Malaske, "If you have any troubles, don't talk to my kids, talk to an adult." Malaske replied, "When I do find an adult, I will talk to them."

Malaske testified that appellant immediately became upset with her remark, ran down the stairs of the deck, jumped a fence and hedge onto her property, and jumped another fence. He was face to face with her and began swearing and screaming at her. She told him to get off her property, but he refused to leave. Malaske was unable to get into her car because appellant blocked the door, so she pushed him. Ap-

pellant then struck her in the face, knocking her down. She sustained bruises to her arm and knee, a bloody lip, and torn slacks. Malaske reported to police the assailant was about 5'8", late 20's, brown hair, curly or long hair, mustache, wearing blue jeans and a painter's cap. She did not know appellant by name, but recognized appellant by sight from living next door to him. Malaske identified appellant from a photographic line-up and was positive in her courtroom identification that appellant was the assailant.

Sue Karl corroborated Malaske's testimony and identified appellant in the photo line-up and at trial.

Appellant maintained that he was working in north Minneapolis at the time of the assault and denied being home or in Malaske's yard. Appellant called three witnesses who supported appellant's testimony. Appellant's girlfriend testified that a friend of her 15–year–old son, Bubba Smith, was the person involved in the altercation with Malaske.

At the close of the evidence, defense counsel moved the court for an instruction on self-defense. The trial court denied the request. Appellant was subsequently convicted of misdemeanor assault in the fifth degree, Minn.Stat. § 609.224 (1984), and disorderly conduct in violation of Minneapolis City Ordinances § 385.90.

### ISSUES

1. Did the trial court err in refusing appellant's request for a self-defense instruction?

2. Was the evidence sufficient to support appellant's convictions?

### ANALYSIS

1. Although appellant maintained he was not present at the scene or involved in the offense, he contends the trial court should have instructed the jury on self-defense. The trial court found there was no substantial evidence that self-defense was an issue and denied the request.

A self-defense instruction is not required where there is no evidence to support a finding that appellant had reasonable grounds to believe that the force he used was reasonably necessary to prevent immediate bodily harm upon himself. *State v. Columbus*, 258 N.W.2d 122, 125 (Minn.1977); *State v. Pacholl*, 361 N.W.2d 463, 465 (Minn.Ct.App.1985). The instruction is needed only if appellant sufficiently raises the defense by creating or raising a reasonable doubt that his use of force was justified. *State v. Liggons*, 348 N.W.2d 785, 790 (Minn. Ct.App.), *pet. for rev. denied* (Minn. July 26, 1984).

*State v. Stephani*, 369 N.W.2d 540, 546 (Minn.Ct.App.1985).

The only evidence in the record relating to self-defense is the testimony of Malaske on direct examination that, while trying to enter her car, she had to push appellant out of the way. Given this scintilla of evidence supporting a self-defense claim and the fact that appellant maintained an alibi posture at trial that he was not involved in the incident, there was not sufficient evidence to support a self-defense instruction. *See State v. Graham*, 371 N.W.2d 204, 209 (Minn.1985). Malaske's push was justified in any event by Minn.Stat. § 609.06(4) (1984) as justified force in resisting a trespass.

2. Appellant's sufficiency of evidence contention is without merit. The jury was entitled to believe the State's witnesses, Malaske and Karl, and disbelieve appellant and his alibi witnesses. The testimony of Malaske and Karl was sufficient to convict appellant of the charged offenses.

### DECISION

Appellant's convictions for misdemeanor assault and disorderly conduct are affirmed.

Affirmed.