**STATE of Minnesota, Respondent,**

**v.**

**Norman Dean HAYES, Appellant.**

**No. C6–88–120.**

Supreme Court of Minnesota.

Nov. 18, 1988.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., Bruce L. McLellan, Law Clerk, St. Paul, and Stephen Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

AMDAHL, Chief Justice.

In *State v. Hayes*, 428 N.W.2d 871 (Minn. App.1988), the court of appeals affirmed the conviction of defendant, Norman Dean Hayes, for the gross misdemeanor offense of using an artificial light to locate a wild animal while in possession of a firearm, bow or other implement capable of killing big game, Minn.Stat. §§ 97B.081, subd. 1 and 97A.331, subd. 2 (1986). We granted the defendant's petition for review not because we disagreed with the ultimate decision of the court of appeals but in order to address the issue of the correctness of the trial court's instructions on aiding and abetting.

In this case two conservation officers were on patrol early on September 20, 1987, in a rural area of Crow Wing County popular among deer poachers. They followed a van at a slow speed and observed the sliding door on the passenger side open a couple times as the van passed a field. They also saw a bright spotlight being shone into a field and saw a deer run away after being caught by the light. Two other officers, with whom they had been in radio contact, aided them in stopping the van. As the officers approached the van, they saw the person in the back of the van making rapid furtive movements. Two men, Hathaway and Kostal, were in the front seat. Defendant was sitting on a box behind the front passenger seat. The officers found a 200,000 candle power spotlight under the passenger seat wired directly to the van's battery rather than plugged into the cigarette lighter. The officers found three strung compound bows, all toward the middle of the van rather than at the back of the van. Two left-handed bows belonging to Hathaway and Kostal were in cases. Defendant's bow, a right-handed one, was near him and was under a case but the case was not closed. There were a number of big-game hunting arrows in the van, including one right next to defendant's bow.

All three men were charged with deershining. In order to obtain a conviction of this offense the state need not establish that the defendant intended to kill a deer or other wild animal; all that the state needs to show is that the defendant intentionally participated in the shining of an artificial light in order to spot a wild animal while having in possession "either individually or as one of a group of persons, a firearm, bow or other implement that could be used to kill big game." Minn.Stat. § 97B.081, subd. 1. However, a conviction may not be had if, in the case of a bow, the

bow is "completely encased or unstrung" *and* is in the closed trunk or, if the vehicle has no trunk, is in the rearmost part of the vehicle. *Id.*

Hathaway and Kostal, who pleaded guilty, were both called by the state as witnesses at the trial of defendant. Defendant, who has a number of prior felony convictions, did not testify in his own behalf or call any witnesses. However, Hathaway and Kostal both gave testimony favorable to defendant, saying that defendant himself did not shine the spotlight, that they were not planning on killing any deer but were just scouting for a good place to hunt the next day, that the bows were all encased, and that they were in the rearmost part of the van but must have slid forward when the van suddenly stopped. Their testimony was impeached by their own admission on direct examination by the prosecutor that they had pleaded guilty to the offense with which defendant was charged. One of them also admitted that he told the police initially that defendant had shined the light into the field at one point. The conservation officers further discredited the testimony of Hathaway and Kostal by pointing out that the stop was not sudden, that other items in the van were still in the rearmost part, that defendant's bow was not "completely encased or unstrung," and that they had experimented and that while sitting on the box, defendant was in a position to shoot the bow at a deer from inside the van when the door was open.

The troubling part of the case is the trial court's instruction on aiding and abetting. Specifically, the court said in relevant part:

> If one of the persons of a group of several persons in a car is using the car's headlights, a spotlight or other artificial light for the purpose of spotting or locating a wild animal, and the others acquiesce in it, those who acquiesce are aiders or accomplices and they are violating the law to the same extent as the one using the headlights. * * * To acquiesce means to accept, agree or assent, even though passively. However, the defendant must actually intend to acquiesce in order for there to be legal acquiescence.

Defense counsel objected to this instruction before the trial court gave it. The prosecutor said he felt that the instruction was appropriate. The trial court overruled the objection.

Defense counsel in his closing statement argued among other things that defendant had nothing to do with the act of shining and that he had no choice but to acquiesce in the act because it was not reasonable for him to tell the driver to stop and let him out "in the wilderness out there in the middle of no place." The jury returned its guilty verdict after deliberating less than two hours.

The court of appeals said "[w]e cannot approve that part of the court's instruction which states, '[t]o acquiesce means to accept, agree, or assent even though passively,'" and "[s]tanding alone that would amount to reversible error," but the trial court's instructions as a whole did not constitute reversible error because the trial court also said that the defendant "must actually intend to acquiesce in order for there to be legal acquiescence." *State v. Hayes*, 428 N.W.2d 871, 874 (Minn.App. 1988).

Our cases state that it is proper for the jury to consider a defendant's passive conduct in connection with other circumstances in determining whether the defendant by his presence intended to aid and thereby did aid the others in committing the offense. *State v. Parker*, 282 Minn. 343, 355, 164 N.W.2d 633, 641 (1969). But mere inaction or acquiescence is not enough to sustain a conviction. *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). Therefore, as the court of appeals stated, it was improper for the trial court in effect to instruct the jury that mere acquiescence was enough to justify a conviction. We disagree, however, with the court of appeals' statement that the trial court's instruction as a whole on this point was adequate because the trial court also said that the defendant must actually intend to acquiesce in order for there to be acquiescence. In our opinion, the issue was not whether defendant intended to agree, ac-

cept or assent to what was happening but whether he in some way, by word or deed, intentionally participated in the deershining or in some way encouraged or aided the others.

Although the instruction on aiding and abetting was inadequate, we agree with the court of appeals' decision that a new trial is not necessary. Given the obvious strength of the state's evidence that defendant intentionally participated in the deershining or in some way encouraged or aided the others and given the glaring weakness of the evidence that defendant was along for the ride and merely acquiesced in what was happening, we are satisfied that the inadequacy of the instruction on this point did not play a role in influencing the jury to convict and that defendant clearly would have been convicted of the same offense if the trial court had correctly instructed the jury on this point. Accordingly, we conclude, as did the court of appeals, that any error was harmless.

AFFIRMED.