**STATE of Minnesota, Respondent,**

v.

**Richard James VanWERT,**
**Petitioner, Appellant.**

**No. C3–88–883.**

Supreme Court of Minnesota.

July 21, 1989.

Rehearing Denied Aug. 31, 1989.

Benjamin F. Gallagher, St. Paul, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., and Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. County Atty., St. Paul, for respondent.

KEITH, Justice.

The decisive issue in this criminal appeal is whether the trial court prejudicially erred in its response to a jury question concerning the elements of the offense of criminal vehicular operation resulting in injury, Minn.Stat. § 609.21, subd. 2 (1988). We hold that the trial court erred and that the error was prejudicial. The decision of the court of appeals is reversed and the case is remanded for a new trial.[1]

On the evening of June 29, 1987, defendant VanWert played softball, went to a bar, and then, according to his evidence, went to his mother's residence, where he ate dinner before returning home in the company of the 5–year–old daughter of his fiancee. As he was driving down Edgerton in St. Paul at between 9:30 and 9:45 p.m. he struck 3½–year old Ryan O'Brien, apparently moments after Ryan entered the roadway. It is undisputed that Ryan suffered great bodily harm as a result of the accident.

Defendant claimed that he had drank only two or three beers, but the breath test result showed that defendant had a blood alcohol concentration of .19 after the accident. Defendant failed some and passed some of the physical sobriety tests. A number of his acquaintances testified that he was not under the influence of alcohol shortly before the accident.

Ryan's mother and her friends and acquaintances estimated defendant was driving at a speed between 38–45 miles per hour. They also testified that defendant did not apply his brakes until after the impact. A uniformed patrol officer who has had some training and experience in accident reconstruction compared the skid marks on the scene and those made by driving defendant's car at 30 m.p.h. and then stopping abruptly. The skid marks left by defendant's car at the time of the accident were longer, suggesting that defendant may have been driving in excess of 30 m.p.h. Defendant denied that he was speeding. He testified that he may have been driving 35 m.p.h. at one point but that he knew the area in question was a playground area and he had slowed to 30 m.p.h. before impact.

Minn.Stat. § 609.21 (1988) provides in relevant part:

Subdivision 1. Whoever causes the death of a human being not constituting murder or manslaughter as a result of operating a vehicle as defined in section 169.01, subdivision 2 * * *

(1) in a grossly negligent manner;

(2) in a negligent manner while under the influence of alcohol, a controlled substance, or any combination of those elements; or

(3) in a negligent manner while having an alcohol concentration of 0.10 or more, is guilty of criminal vehicular operation resulting in death and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

Subd. 2. Whoever causes great bodily harm to another, as defined in section 609.02, subdivision 8, not constituting attempted murder or assault as a result of

---

**1.** Because of our decision, we do not address or decide the other issues decided by the court of appeals. *See State v. VanWert,* 438 N.W.2d 416, 421–23 (Minn.App.1989).

operating a vehicle defined in section 169.01, subdivision 2 * * *

(1) in a grossly negligent manner;

(2) in a negligent manner while under the influence of alcohol, a controlled substance, or any combination of those elements; or

(3) in a negligent manner while having an alcohol concentration of 0.10 or more, is guilty of criminal vehicular operation resulting in injury and may be sentenced to imprisonment for not more than three years or the payment of a fine of not more than $5,000, or both.

Formerly, the statute dealt only with those acts of criminal vehicular operation that resulted in death, and a showing of gross negligence was required in order to obtain a conviction. *See* Minn.Stat. § 609.21 (1982). Under that statute we made it clear that although drunk driving often was involved, it was error to equate drunk driving with gross negligence. *See, e.g., State v. McGee,* 347 N.W.2d 802, 806 (Minn.1984), and *State v. Hansen,* 296 Minn. 42, 46–47, 206 N.W.2d 352, 355 (1973).

In 1983 and 1984 the legislature amended the statute in a number of ways. *See,* 1983 Minn.Laws ch. 12 § 1; 1984 Minn.Laws ch. 622 §§ 24, 25. First, in subdivision 1, it allowed conviction of criminal vehicular operation resulting in death by proving either that the death resulted from the operation of a motor vehicle "in a grossly negligent manner," "in a negligent manner while under the influence" of alcohol or drugs or "in a negligent manner while having an alcohol concentration of 0.10 or more." The legislature also, in subdivision 2, created a new crime of criminal vehicular operation resulting in great bodily harm as a result of operating a motor vehicle in any of the three ways specified in subdivision 1.

■ The clear intent of the statute was to make it possible to obtain convictions in a case in which gross negligence could not be proved but where the state could prove that the death or injury resulted from negligent driving by one who was under the influence at the time. In other words, the state can get a conviction either by show-ing the single element of gross negligence or by showing two elements: negligence plus intoxication. This is how the drafters of CRIMJIG 11.25, 11.26, 11.27 and 11.28 (1985) interpreted the statute. It is also how the practicing bar has interpreted the statute. *See,* Johnson, *Selective 1983 Legislation,* 18th Ann.Crim.Just.Inst. 613, 618 (1983); Hanley, *Recent Developments In DWI Law,* 53 *Hennepin Law.* 6, 7 (Sept.– Oct.1983).

■ In this case the trial court gave CRIMJIG 11.28 in its original instruction. During their deliberations the jurors asked the court the following question: "Does negligence beyond driving while intoxicated have to be proved? For example, speeding, or can driving while the under influence constitute negligence?" The trial court, with the agreement of the prosecutor but over the objection of defense counsel, replied that driving while intoxicated could itself constitute the negligence required by the statute. In other words, if the jury concluded that defendant was under the influence of alcohol, it could conclude that alone constituted negligent driving and justified a conviction.

This was prejudicial error in our opinion. The evidence that defendant drove in a negligent manner was not so compelling that the jury necessarily would have convicted him of the offense in question even if it had been instructed properly. Stated differently, it seems to us quite possible that the jury might have acquitted defendant if the trial court had answered the jurors' question accurately. Indeed, the fact that the jurors asked the question supports this conclusion.

Under the circumstances, we conclude that defendant is entitled to a new trial.

Reversed and remanded for a new trial.