STATE of Minnesota, Respondent,

v.

Donald Egon JENSEN, Appellant,

No. C7-89-394.

Court of Appeals of Minnesota.

Nov. 14, 1989.

---

Paul G. Morreim, Freeborn County Atty. and Laura M. Auron, Asst. Freeborn County Atty., Albert Lea, for respondent.

Fred W. Wellmann, Hoversten, Strom, Johnson & Rysavy, Austin, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and SHORT, JJ.

## OPINION

SHORT, Judge.

After a jury trial, Donald Egon Jensen was convicted of intentionally obstructing a law enforcement officer executing legal process, a misdemeanor under Minn.Stat. § 609.50(2) (1988). On appeal, he argues that the trial court erred (1) in refusing to give an instruction on self-defense and (2) in responding to questions from the jury during deliberations. We reverse.

## FACTS

Around noon on July 12, 1988, appellant was driving his pickup truck eastbound on County Road 46 in Freeborn County. Appellant's son and father were passengers in the truck. Appellant was stopped for speeding when his truck was clocked at 77 miles per hour on police radar. Appellant disputed the charge and was told by Freeborn County Sheriff's Deputy Deckard that he could view the radar display in the patrol car. Deputy Deckard then returned to his patrol car to complete his log and write the ticket. A few moments later appellant entered the front passenger side of the patrol car to see the radar display.

Despite viewing the radar display, appellant refused to sign the speeding ticket because he claimed that he was not driving that fast. Deputy Deckard said he would arrest appellant if appellant refused to sign the ticket. The deputy radioed his dispatcher that he had a possible arrest and left the patrol car. He then walked around to the passenger side of the patrol car where appellant was seated. According to appellant, Deputy Deckard pulled him from the car, held him by the throat, and slammed his head into the car several times. By contrast, Deputy Deckard testified that he removed appellant from the car and placed him against it to be searched and handcuffed. It is undisputed that, in response to Deputy Deckard's actions, appellant repeated that he "wasn't going to be arrested" and that he "wasn't going to go along with it." During the pat down of appellant, Deputy Deckard was grabbed from behind by appellant's father. The

deputy then struck appellant's father and radioed for assistance. According to Deputy Deckard, appellant pushed him into the ditch. Deputy Deckard then forced appellant over the rear of the patrol car and placed a wrist lock on him. Appellant disagrees with those facts and testified that Deputy Deckard forced his arm up behind his back until he dropped to the pavement. While on the ground, appellant claims the deputy jumped up and down with his knee on appellant's back until other officers arrived.

The trial court denied appellant's request for a jury instruction on self-defense. During deliberations, the jury sent two questions to the trial court. The trial court read repealed parts of Minn.Stat. § 169.91 (1986), *amended by* Minn.Stat. § 169.91 (1988) in response to the questions. After further deliberations, the jury convicted appellant of obstructing legal process.

## ISSUES

I. Did the trial court err in refusing to give an instruction on self-defense?

II. Did the trial court err in reading repealed parts of Minn.Stat. § 169.91 (1986), *amended by* Minn.Stat. § 169.91 (1988) in response to questions by the jury?

## ANALYSIS

### I.

Appellant is entitled to an instruction on his theory of the case if there is evidence to support that theory. *See State v. Ruud,* 259 N.W.2d 567, 578 (Minn.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978). A refusal to give a requested jury instruction lies within the discretion of the trial court. *State v. Daniels,* 361 N.W.2d 819, 831 (Minn.1985). No error results from a refusal to instruct where the evidence does not support the proposed instruction and no abuse of discretion is shown. *Id.*

▮ Appellant argues that he resisted the arrest only in self-defense to the excessive force used by Deputy Deckard. He contends that the trial court erred in refusing to give an instruction on self-defense. While there is no burden on appellant to prove self-defense at trial, he does have the "burden of going forward with evidence to support his claim of self-defense." *State v. Graham,* 371 N.W.2d 204, 209 (Minn.1985) (quoting *State v. Columbus,* 258 N.W.2d 122, 123 (Minn.1977)). Throughout the trial, appellant maintained that he never struck, kicked, or threatened Deputy Deckard. Appellant testified that he refused to struggle or use force against Deputy Deckard. The claim of self-defense was first raised by defense counsel at the close of evidence. This theory was not presented in opening statement, through examination of witnesses, or in closing argument. In fact, the theory is inconsistent with appellant's own testimony. Under these circumstances, the trial court did not err in denying the instruction. *See State v. Johnson,* 392 N.W.2d 357, 358 (Minn.Ct. App.1986); *State v. Pacholl,* 361 N.W.2d 463, 465 (Minn.Ct.App.1985).

### II.

▮ Appellant argues that the trial court erred in reading parts of Minn.Stat. § 169.91 in response to questions asked by the jury. We agree. When a jury returns with a question during deliberations, a trial court may decide to amplify previous instructions, reread previous instructions, or give no response at all. *State v. Murphy,* 380 N.W.2d 766, 772 (Minn.1986); Minn.R. Crim.P. 26.03, subd. 19(3). A new trial will not be granted on the basis of errors committed by the trial court unless the errors have prejudiced substantial rights of appellant. *Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986); *see also State v. Southard,* 360 N.W.2d 376, 383 (Minn.Ct.App.1985) (errors by prosecution held not to have played substantial role in influencing conviction), *pet. for rev. denied* (Minn. Apr. 12, 1985). These standards apply to errors in jury instructions. *State v. VanWert,* 442 N.W.2d 795, 797 (Minn.1989); *State v. Hayes,* 431 N.W.2d 533, 536 (Minn.1988).

During deliberations, the jury returned with the following questions: "Is it a law that the ticket has to be signed?" and "If he (appellant) refuses to sign, does he have to be handcuffed?" Appellant objected to the trial court responding to either question; the state objected only to the trial court responding to the second question. After a discussion with counsel, the trial court read Minn.Stat. § 169.91, subd. 1(7) and subd. 3 to the jury. Those statutory provisions required that a person arrested for a traffic violation must give a written promise to appear in court in order to secure release from police custody. However, those provisions had been repealed effective July 1, 1988, eleven days before the incident took place.[1] 1988 Minn. Laws ch. 681, §§ 9, 10.

The trial court erred in reading an incorrect statement of law to the jury. The error was prejudicial because it provided the jury with an improper theory upon which to convict appellant. The theory submitted to the jury was that appellant obstructed justice by scuffling with the officer. By informing the jury that appellant was legally obligated to sign the ticket, the judge improperly provided a second theory upon which to convict. Given the conflicting evidence on whether appellant scuffled with the deputy, the jury could have decided the obstruction of justice was the failure to sign the ticket, not the alleged physical conflict. Since there is no way of knowing what the jury's understanding of the law was, we must reverse for a new trial.

## DECISION

The trial court properly refused to submit a self-defense instruction. However, the trial court's reading of repealed statutory provisions in response to questions from the jury was prejudicial error.

Reversed and remanded for new trial.

PARKER, J., concurs specially.

1. The act repealing the statutory provisions contained an appropriations item. Therefore, the

PARKER, Judge (concurring specially).

I agree with the majority that the court's instruction on Minn.Stat. § 169.91, subd. 1(7) (1986), requires reversal, but I believe further that the failure to submit an instruction on self-defense was prejudicial error. Jensen was convicted of intentionally obstructing or hindering an officer in lawful execution of legal process. His testimony, corroborated by his father and his 13-year-old son, was that the officer assaulted him after he refused to sign the ticket (ironically, the officer was wrong on the law in requiring it). He further described his own actions as turning away from the side of the squad car to question the deputy, orally questioning the necessity of being handcuffed and refusing to hold his arms in a position to be handcuffed, but denied any assault on the officer.

His theory in requesting the jury be given an instruction on self-defense appears to have been that his non-assaultive actions in resisting excessive force used by the deputy to effect an arrest for a petty misdemeanor established a factual basis sufficient to require submission of the issue. Inasmuch as the jury rejected the prosecution charge that he resisted arrest by force and violence, they presumably accepted his version of his physical behavior. Had the jury been given the option of viewing his actions either as resisting a lawful arrest or as self-defense to the officer's use of unnecessary force, they may have chosen the latter and, hence, prejudice seems clearly to be present.

I would hold that defense testimony of unreasonable force and defendant's non-assaultive resistance required an appropriate instruction on self-defense, *see State v. Kutchara*, 350 N.W.2d 924, 927 (Minn. 1984), and that the burden of proof on the issue was on the state, *see State v. King*, 287 N.W.2d 636–37 (Minn.1979).

effective date was July 1. Minn.Stat. § 645.02 (1988).