317 So.2d 148 (1975)
Robert Ward BACOM, Appellant,
v.
STATE of Florida, Appellee.
No. W-470.
District Court of Appeal of Florida, First District.
August 6, 1975.
Bartley K. Vickers, Mahon, Farley & Vickers, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant, defendant in the trial court, appeals his conviction of manslaughter and resulting ten year sentence.
*149 The evidence adduced by the State reveals that while appellant, partially disabled by arthritis, sat hemmed in by the wall to his back and a bar to his side, he was approached by the decedent, an alleged karate expert, who invited, without provocation, appellant outside to fight. Appellant protested that he wanted no fight and urged the decedent to leave him alone. The decedent thereupon went outside from whence he promptly returned, approaching appellant, who was not in a position to extricate himself, taking off his (the decedent's) glasses as he did so. As the decedent continued his charge appellant, who had taken no provocative action, stabbed or cut the decedent several times with a knife. The decedent thereafter died of bronchial pneumonia which resulted from the stab wounds and the surgery relating thereto.
The sole issue for our resolution relates to the sufficiency of the evidence to sustain the conviction of appellant, who asserted as defenses justifiable homicide and self defense.
The record is clear that appellant did nothing to provoke the decedent and took no affirmative action except to protect himself in a place where he had a right to be and from whence he could not reasonably extricate himself. Had he left the premises when the decedent went outside following his initial invitation to fight, as the State claims he should have, then such action might well have been interpreted by the decedent as an affirmative response to the invitation. Instead, appellant remained in what appeared to be a position of safety, ignoring the belligerent invitations to fight cast at him by the decedent. In short, the evidence fails to reveal that appellant did anything other than that which should be expected of any reasonable, intelligent, prudent person under the circumstances. There is no evidence that his defense of himself exceeded that reasonably called for by the situation in which he found himself but which he did not create. The evidence adduced by the State was insufficient to support the conviction and the learned trial judge erred in not granting appellant's motion for a directed verdict. (See Bolin v. State, Fla. App.3rd 1974, 297 So.2d 317; Harris v. State, Fla.App.2nd 1958, 104 So.2d 739 and Bozeman v. State, Sup.Ct.Fla. 1932, 106 Fla. 270, 143 So. 236.)
Reversed and remanded with directions that appellant be discharged.
MILLS, J., and MELVIN, WOODROW M., Associate Judge, concur.