387 So.2d 978 (1980)
Rigoberto DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1552.
District Court of Appeal of Florida, Third District.
July 1, 1980.
On Rehearing September 26, 1980.
*979 Jack R. Blumenfeld, Coconut Grove, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The defendant appeals from a judgment of conviction for manslaughter entered pursuant to Section 782.07, Florida Statutes (1977). His adjudication arose out of an information charging him with murder in the second degree pursuant to Section 782.04(2), Florida Statutes (1977). A jury found him guilty of manslaughter, being a lesser included offense, for which he was sentenced to fifteen years in the state penitentiary.
The only point with which we are concerned is whether the trial court erred in denying the defendant's motion for judgment of acquittal and subsequent motion for new trial on the ground that the state failed to rebut, according to the established circumstantial evidence rules, that the defendant, in the commission of a homicide, had acted in self defense.
Curiously, the homicide occurred in a small restaurant in Key West and the incident per se was observed neither by the owner nor the employees nor any of the other patrons. Those witnesses recalled the defendant seated close to the victim but did not observe any weapon in the victim's possession. A patron testified he heard a shot and saw the victim fall but did not see the defendant draw the lethal weapon, a 45-calibre pistol. A waiter, working tables, only heard the report of the pistol.
The defendant, who testified in his own behalf, stated that while he was drinking beer the victim, who was seated at an adjacent table, started to make trouble for the defendant's companion. The defendant inquired why the victim (a person he had never met before) wished to cause trouble and was twice told by the victim: "I'm going to shoot you five times." According to the defendant, the victim then rose from his table and approached the defendant again making the same oral threat while apparently reaching in his pocket for a weapon. It was later determined that the victim was unarmed. The defendant admitted drawing his pistol and pointing it at the victim. However, he claimed the pistol fired accidentally. The defendant exited *980 the restaurant and hid the weapon outside. He shortly returned and requested the proprietor to call the police. She advised him that she had already done so. An investigating officer testified that the defendant told him of the victim's threat to "shoot him five times."
The defendant is five feet four inches tall and weighs 126 pounds. At the time of the incident, he was forty-two years of age. A breathalizer test performed on the defendant shortly following his arrest indicated a reading of ".08." An expert testified that when a reading of ".10" is reached, the examinee is considered intoxicated. The defendant stated he did not realize that the fatal weapon had a safety. A detective who had examined the weapon testified that the thumb-safety of the pistol was inoperative but that the safety cock notch was functional.
The defendant's direct testimony concerning the victim's threats and his menacing approach together with the defendant's assertion that he was in fear of his life made out a prima facie case of self defense under Section 776.012, Florida Statutes (1977). The state presented no evidence to rebut the defendant's direct testimony that he acted in self defense nor was it able to diminish his testimony on cross-examination. Under these circumstances, only those inferences properly arising out of the state's testimony in chief could be considered to rebut the defendant's assertion of self defense. In this posture, that evidence, circumstantial in its entirety, was woefully inadequate to rebut the direct testimony that the defendant committed homicide in self defense. Mayo v. State, 71 So.2d 899 (Fla. 1954); cf. McArthur v. State, 351 So.2d 972 (Fla. 1977).
In Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980), we similarly reversed a second degree murder conviction where the state had no witnesses to testify about the actual shooting incident and presented no evidence to contradict the defendant's claim of self defense.
For the foregoing reasons, the defendant's judgment of conviction is reversed and remanded with directions to discharge him from custody.
Reversed.

ORDER ON REHEARING GRANTED
Pursuant to reargument granted, the court has reconsidered the record and the briefs, has heard argument of counsel and has concluded that our opinion and judgment filed July 1, 1980 should be adhered to.