PER CURIAM.
The single issue on this appeal is whether or not the coneededly circumstantial evidence is sufficient to support a conviction for manslaughter. We agree with the appellant that the evidence is insufficient and, consequently, reverse.
The evidence at trial consisted of the exculpatory statement of the defendant and the testimony of the medical examiner who had performed the autopsy. The defendant’s statement, introduced in the State’s case in chief, was that he and the victim had a disagreement and that she had threatened him with a broken soda bottle. He further stated that he had taken the bottle away and, thereafter, the victim had run across the street. The medical examiner’s findings indicated that the victim died as a result of a stab wound to the abdomen consistent with a broken soda bottle. On cross-examination, the medical examiner opined that the fatal wound could have been accidental. The foregoing was the only evidence which might establish criminal liability on the part of the defendant.
On these facts, the evidence is insufficient to support a manslaughter conviction. *816 McArthur v. State, 351 So.2d 972 (Fla.1977); Mayo v. State, 71 So.2d 899 (Fla.1954). In the absence of testimony contradictory to the defendant’s theory of self-defense, the State has failed to meet its burden of making out a prima facie case on a charge of manslaughter. Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980); Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980).
For the foregoing reasons, the judgment of conviction is reversed and this cause remanded to the trial court with directions to discharge the defendant.
Reversed and remanded with directions.