496 So.2d 837 (1986)
Jose HERNANDEZ RAMOS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1966.
District Court of Appeal of Florida, Second District.
September 17, 1986.
Rehearing Denied October 28, 1986.
*838 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals the denial of his motion for judgment of acquittal in his trial for second-degree murder. We reverse.
Defendant was charged with second-degree murder and was tried by a jury. Following the close of the state's case, the defense moved for a judgment of acquittal, which was denied. At the end of all the trial testimony, the motion was renewed and again denied. Defendant was found guilty of manslaughter.
On appeal defendant argues that the trial court erred in not granting his motion for judgment of acquittal because the state presented no evidence rebutting defendant's case of self-defense and, therefore, failed to establish a prima facie case of nonjustifiable homicide. We agree with defendant's argument.
The charge against defendant arose out of an incident in a bar during which defendant shot the victim, resulting in the victim's death. Defendant's testimony, briefly stated, was that the victim began the fight by hitting him, that defendant did not want to fight and tried to leave but was prevented from doing so by the victim's friends, and that defendant shot the victim only after the victim pulled a knife from his pocket during the struggle between the two men.
The incident occurred in a crowded and busy bar. Most of the state's witnesses had their attention drawn to the fight by the sound of the gunshots fired by defendant. Thus, those witnesses were not able to testify about anything leading up to the fight or the beginning of the fight.
The testimony of one of the state's witnesses, a former girlfriend of the defendant who had been sitting at a table with defendant immediately prior to the fight, corroborated defendant's account of the incident, i.e., that the victim initiated the fight by hitting defendant and that defendant was prevented from leaving by friends of the victim.
None of the state's witnesses could testify whether the victim had a knife, only that the witnesses did not see a knife. The witnesses were apparently not in close proximity to the fight. At least one of the state's witnesses did see the victim reach into his pocket during the fight, but did not see what, if anything, the victim withdrew from his pocket.
The state has the burden of proving guilt beyond a reasonable doubt, which includes proving beyond a reasonable doubt that the defendant did not act in self-defense. See Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984). As in Brown, in this case the state's evidence was legally insufficient to prove guilt beyond a reasonable doubt, because the state failed to rebut the defendant's direct testimony that he acted in self-defense and, in fact, some of the state's evidence corroborated defendant's testimony of self-defense. See also Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980). Accordingly, defendant's motion for *839 judgment of acquittal should have been granted.
Defendant's judgment of conviction is reversed with directions to discharge defendant from custody.
RYDER, A.C.J., SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.