550 So.2d 81 (1989)
Mercedes RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-861.
District Court of Appeal of Florida, Third District.
September 19, 1989.
Rehearing Denied November 6, 1989.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
NESBITT, Judge.
The defendant appeals from her conviction for second-degree murder. Her claim is that the trial court erred in denying her motion for directed verdict made after presentation of all the evidence, including her testimony demonstrating that under the doctrine of retreat, she had done all that she could reasonably have done to avoid the taking of the defendant's life in the defense of her person. See State v. Coles, 91 So.2d 200, 203 (Fla. 1956). Upon our examination of the record, we agree with this contention and we reverse her conviction.
The parties were married and had one child. They had a violent life together in which the husband's physical dominance resulted in the wife being subdued and beaten. Five days prior to the homicide in question, the defendant had received a severe beating from the victim. On the day of the homicide, the couple had engaged in an argument at lunchtime. Later in the day, the defendant went to pick up their child in the body shop where the victim worked. The tempers of both parties were evidently aroused by the fact that a workman at the shop had squirted the boy with water. While the boy was in the passenger seat of the defendant's vehicle, the defendant started her car and drove into the victim's vehicle with no apparent damage to it. This enraged the victim who, according to eyewitness testimony, came to the passenger side of the car, placed his upper torso through the passenger compartment and shortly thereafter fell back to the ground. Under the victim's body were found two sets of car keys, his own and one which was identified as that which operated the defendant's vehicle.
The defendant's unrebutted version of the incident was that she was afraid of her husband, particularly as a result of recent beatings, and for that reason she had placed an 18-inch kitchen knife by her car console. She stated during presentation of her case in chief that the victim came at her in the car, grabbed her by the hair, and was attempting to open the door on the driver's side and pull her from the car when she reached for the knife and plunged it into his lower chest. The eyewitnesses presented on behalf of the state could only testify that the victim placed his upper torso into the passenger side of the car and it was then suddenly withdrawn whereupon he fell to the ground.
*82 The medical examiner testified that based upon the autopsy it was his opinion that the victim was in a position of attempting to retrieve the car keys from the ignition. In his opinion, the knife wound was so severe that it would have instantly incapacitated the victim. The medical examiner also conceded on cross-examination that the victim's wound would have been consistent with an attempt to grab the defendant by the hair and drag her from the car. Further testimony established that after the incident the victim's blood level was .07%, close to the legal limit for establishing intoxication, and may have actually been higher at the time of the incident.
From our view of the record, it makes no difference whether the victim was actually attempting to drag the defendant from the car or to disable the car by removal of the ignition keys. Even accepting the state's version of the incident that the victim was attempting only to disable the car, the victim was still the aggressor. According to the defendant's unrebutted testimony at trial, the victim stated to her concurrently with his lunge, "I'm going to kill you. I'm tired of you." It is evident that the victim had been successful in retrieving the ignition keys from the defendant's vehicle, preventing her escape. Thus, the defendant had done all that she reasonably could have done in order to avoid the victim's death-threatening assault. See Hernandez Ramos v. State, 496 So.2d 837 (Fla. 2d DCA 1986); Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA), review denied, 461 So.2d 116 (Fla. 1984); McKnight v. State, 341 So.2d 261 (Fla. 3d DCA), cert. denied, 348 So.2d 953 (Fla. 1977).
Under the foregoing circumstances, the testimony viewed in the light most favorable to the state which was largely unrebutted, unrefuted, and uncontradicted established that the defendant made out a complete case of self-defense.
For the foregoing reasons, the defendant's motion for a directed verdict at the close of all the evidence in the case should have been granted by the trial court. For this reason, her conviction is reversed with directions to grant the motion.
Reversed and remanded.