580 So.2d 169 (1991)
Curtis SNEED, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1706.
District Court of Appeal of Florida, Fourth District.
March 7, 1991.
*170 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, West Palm Beach, for appellee.
PER CURIAM.
Curtis Sneed appeals his conviction and sentence for attempted second degree murder and argues that the trial court erred in denying his motion for judgment of acquittal based upon the uncontradicted evidence of self-defense. We agree and reverse appellant's conviction.
Appellant testified that he and his roommate (the victim) got into an argument over the use of appellant's automobile. The argument continued for hours and the victim threatened appellant several times. Appellant stated that the victim had a reputation for being violent and that he commonly carried a knife. The two men kept a loaded .22 rifle in their room and as appellant left he took the weapon for fear of its use by the victim. The victim then followed appellant to the parking lot, blocking his way to the car. Appellant testified that the victim carried himself as if holding a knife and rushed toward him grabbing the rifle. As they struggled, the weapon discharged several times wounding the victim.
There were no eyewitnesses to the shooting and the victim did not testify. The state's witnesses corroborated different aspects of appellant's description of events. Appellant's girlfriend testified that the victim had threatened appellant several times. The investigating officer testified that the victim had a reputation for violence in the community and that he found a folding knife at the scene of the shooting. Finally, appellant's mother-in-law testified that appellant spoke to her soon after the incident and related that he had been tired of being "handled" by the victim, but that he had not meant to shoot him.
The state must disprove, beyond a reasonable doubt, a defense of self-defense. As stated by the Second District in Hernandez Ramos v. State, 496 So.2d 837 (Fla. 2d DCA 1986):
The state has the burden of proving guilt beyond a reasonable doubt, which includes proving beyond a reasonable doubt that the defendant did not act in self-defense. See Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984) [, pet. for rev. denied, 461 So.2d 116 (Fla. 1984)]. As in Brown, in this case the state's evidence was legally insufficient to prove guilt beyond a reasonable doubt, because the state failed to rebut the defendant's direct testimony that he acted in self-defense and, in fact, some of the state's evidence corroborated defendant's testimony of self-defense. See also Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980) [, rev. denied, 397 So.2d 779 (Fla. 1981)]. Accordingly, defendant's motion for judgment of acquittal should have been granted.
Id. at 838-839; see also Rodriguez v. State, 550 So.2d 81 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 347 (Fla. 1990).
*171 Here, the state's case not only failed to rebut appellant's allegation of self-defense, but corroborated a majority of appellant's testimony. We find the testimony as to appellant's dislike of being "handled" by the victim insufficient to rebut appellant's testimony of self-defense. We hold, therefore, that the trial court erred in denying appellant's motion for judgment of acquittal. We reverse appellant's conviction and remand this cause for the trial court to discharge appellant.
DELL, J., and WALDEN, JAMES H. (Retired), Associate Judge, concur.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
I disagree with the majority and conclude that there was substantial competent evidence, including physical evidence directly conflicting with appellant's version of events, upon which the jury verdict can be upheld.