837 So.2d 1068 (2003)
Kenneth GUFFEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3627.
District Court of Appeal of Florida, Second District.
January 24, 2003.
Rehearing Denied February 26, 2003.
James Marion Moorman, Public Defender, and Pat T. Dicesare, II, Special Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Kenneth Guffey presents six issues in appealing his convictions for shooting into an occupied vehicle and aggravated assault with a firearm. Because we agree the trial court erred in failing to grant Guffey's motion for judgments of acquittal, it is unnecessary to discuss the other five issues.[1] We conclude that the State failed to rebut the prima facie case of self-defense presented by Guffey, and thus we reverse the convictions.
The victim of the assault and the occupant of the vehicle was Kathy "Cissy" Guffey, the wife of the defendant. The incident giving rise to these charges occurred when Cissy and her boyfriend, Dink Murray, drove into the driveway of Guffey's girlfriend's house. According to the testimony at trial, Dink got out of the car with a pistol. Again, based on the testimony at trial, both Cissy and Dink had reputations in the community for violence and Dink had within the prior two weeks both assaulted and threatened Guffey several times. Guffey testified that Dink fired the pistol at him and that he was afraid for his life. Although no other witnesses saw Dink firing at Guffey, one of the defense witnesses observed Dink fire at the ground upon leaving the car. Guffey picked up a shotgun loaded with slugs that was on the porch and fired three or four times, not at Dink or his wife, but at the car in the driveway, hoping to frighten *1069 his wife and her boyfriend into leaving. One of the slugs struck the front fender of the car, entered the car, and struck Cissy's ankle.
All of the above testimony came from Guffey's taped statement played for the jury, his testimony at trial, and the defense witnesses, who were the only eyewitnesses to testify. Neither the victim nor her boyfriend Dink testified at the trial.[2] The State established the charged crimes through the testimony of investigating officers, who observed the gunshot wound to the victim's ankle and gunshot holes in the car, and Guffey's taped statement where he admitted shooting at the car because he feared for his life. The only evidence adduced to rebut the claim of self-defense was the testimony of the investigating officers that they were unable to locate the gun allegedly possessed by Dink Murray, nor any evidence of bullet holes as the result of a gun being fired in Guffey's direction.
As this court has previously held in Ramos v. State, 496 So.2d 837, 838 (Fla. 2d DCA 1986), "[t]he [S]tate has the burden of proving guilt beyond a reasonable doubt, which includes proving beyond a reasonable doubt that the defendant did not act in self-defense." In this case, as in Ramos, the State's evidence was legally insufficient to prove guilt beyond a reasonable doubt because the State failed to rebut Guffey's direct testimony and that of the eyewitnesses that he acted in self-defense. See also State v. Rivera, 719 So.2d 335 (Fla. 5th DCA 1998); Sneed v. State, 580 So.2d 169 (Fla. 4th DCA 1991); Brown v. State, 454 So.2d 596 (Fla. 5th DCA 1984); Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980).
Guffey's motion for judgments of acquittal should have been granted. Accordingly, we reverse the convictions and remand for Guffy's discharge.
FULMER and STRINGER, JJ., Concur.
NOTES
[1] Were it not for our reversal of both convictions for the failure to rebut self-defense, we would reverse the conviction for aggravated assault with a firearm for failure to allege and prove an essential element. See Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000).
[2] The trial began somewhat bizarrely with the unobjected-to testimony of a paramedic that the victim had suffered a nervous seizure in the courthouse and was unavailable to testify.