PER CURIAM.
K.W.S. appeals his adjudication of delinquency based on a single charge of battery. Because the court erred in not granting the juvenile’s motion for judgment of dismissal[1], we reverse.
Section 776.012, Florida Statutes (2004), authorizes a person to use non-deadly force against another “when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against such other’s imminent use of unlawful force.” Here, the juvenile attempted to defend his younger sister who was involved in a fracas with a larger, older girl. The facts involving the actions of K.W.S. are not in dispute. He separated the young women, and did not do much more. His use of force was minimal, at best. Even the purported victim testified that his actions in touching her could well have been accidental. Once K.W.S. established a prima facie case of defense of another, the State was required by rebuttal or by inference to overcome it. See State v. Rivera, 719 So.2d 335 (Fla. 5th DCA 1998); Sneed v. State, 580 So.2d 169 (Fla. 4th DCA 1991). If the State fails to sustain this burden of proof, the trial court is required to grant a judgment of dismissal. See Brown v. State, 454 So.2d 596 (Fla. 5th DCA), review denied, 461 So.2d 116 (Fla.1984).
Here, the evidence of defense of another was unrebutted and essentially uncontroverted. Both the perceptions and *82 the actions of the juvenile were reasonable. The motion should have been granted.
REVERSED.
PLEUS, C.J., MONACO and TORPY, JJ., concur.

. This has been referred to by the parties as a judgment of acquittal. However, under the Rules of Juvenile Procedure, the proper title to the motion should have been a motion for judgment of dismissal. See Fla. R. Juv. P. 8.105(k).