33 So.3d 760 (2010)
E.L.F., Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-703.
District Court of Appeal of Florida, Fourth District.
April 21, 2010.
Rehearing Denied June 4, 2010.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
In this case a traffic altercation between two drivers led to a third party being charged with criminal battery. The issue is whether the third party, defendant, was acting as a good Samaritan defending himself.
The State's case began with this background. Because he had cut her off in traffic, a female driver pursued the other driverfollowing him for nearly a half hourultimately blocking him at a traffic light. Leaving her vehicle, she approached the male driver's car, swung a *761 blow at him, and then reached within and took his key. The male driver then emerged from his car and some tussling took place between them. At that point, the defendant juvenile confronted the male driver. The male driver claimed that the juvenile attacked him and struck him 10 times, and that he attempted to hit back but was unsuccessful.
The State rested at that point and the juvenile moved for a judgment of acquittal. The motion was denied. Defense counsel then presented his case, calling three witnesses: the female driver who confronted the male driver; defendant's mother; and then the juvenile.
The female driver testified that she was pregnant and had her 18 month-old son in the car with her. The male driver gave her permission to get in front of his car so she could make a left turn. While she was in front of his vehicle, a truck, the male driver bumped her car and then bumped her again. As a result, she decided to follow him. She testified that there was a car next to her with the juvenile's mother driving and the juvenile as a passenger. She asked the mother to call 911 because her phone battery was dead. The mother called 911 and joined in following the male driver for 15-20 minutes. The female driver was able ultimately to pull in front of the male driver's truck. She left her car, approached the driver's door of the truck and reached in to grab his keys so he could not leave.
The seated male driver thereupon punched her in the forehead, left the vehicle and kicked her in the midsection. She was sure that the juvenile defendant, who was in the passenger seat of his mother's car, saw the male driver punching and kicking her. It was only then that the juvenile left his mother's car. The juvenile told the male driver, "You're not supposed to hit a woman." At that point the male driver began hitting the juvenile.
Next, the juvenile's mother testified. She was driving her son to work. She saw a woman on her left side motioning towards her. The woman informed her that the man in front of her had just hit her car and that her child was in the backseat. The woman asked the mother to call 911 because her phone did not work. Mother called 911 and stayed on the phone with 911 the entire time while following the man and the woman. She saw the woman get out of her car and approach the man's window. The woman reached into his window, and the man punched her in the face, from which she fell to the ground.
The male driver then leaped from his vehicle and started fighting the woman. Seeing that he was punching the woman, the juvenile left his mother's vehicle and tried to get the male driver off of her. The male driver then swung at the juvenile and they started fighting. She testified that the male driver and the juvenile were punching each other for a couple of minutes, but the man never fell to the ground and was never kicked. For those minutes, both of them were throwing punches at each other.
Finally the juvenile testified. His mother was taking him to work. He was not driving. The female driver next to them was trying to get his mother's attention to call 911. They followed the woman for about 20-30 minutes, while his mother was on the phone with 911. He testified the woman reached into the male driver's car, but the male driver responded by attacking the female driver, hitting her in the face.
He feared for the woman because it was a man beating a woman. He tried to get the male driver off of her. The male driver swung at him first but missed. The man then swung at him a second time and *762 hit him. He did not hit the male driver first. After that, they were in a full-fledged fight. The male driver tried to strike him several times and the juvenile hit him back.
The defense rested and renewed the motion for judgment of acquittal, arguing that the juvenile came to the defense of another. The trial court denied the motion. The trial court thought the issue was not the juvenile's state of mind but what a reasonable person would have done under the same circumstances. No further evidence was presented.
During closing arguments defense counsel argued the juvenile was a Good Samaritan. He asked the court not to be swayed by the notion that the female driver was acting out of road rage. The court responded that it was not reasonable to chase someone and to get into a fight in the middle of the street. Defense agreed that the female driver was unreasonable. The judge then wondered whether it is reasonable for the juvenile to leave his vehicle in the middle of an intersection "and start throwing punches:"

Counsel: If they're defending a woman, absolutely, Your Honor.

Court: A woman who they did not know why they're defending her.

Counsel: TheyThey personally observed Mrs. Lee get hit in the face.
It is certainly reasonable at that point to come to the aid of someone who is being hit. Your Honor, let me continue. If you examine statute 3.6(g), the jury instructions in this case: "If you have any reasonable doubt on whether the question of whether the defendant was justified in using the non-deadly force, you must find him not guilty," Your Honor. If you have even the any and all reasonable doubt that he was engaging in self-defense, you must find him not guilty. If he was engaging in the defense of others, you must find him not guilty. So I ask you that youthat if you do find him guilty, you must be finding the State's argument so persuasive that it eliminates all reasonable doubt from your mind that my client was engaging in self-defense.

Court: Why didn't your client just run over there and pull that womanpull that man off of that woman?

Counsel: Your Honor, he said he pulled the man off the woman, and he swung at him. At that point, he's definitely justified to retaliate to the man who just swung at him and a man he personally observed hit the woman. Your Honor, I ask you to refer to the testimony in this case. Your reasonable doubt is in the numbers, Your Honor. Three people came up here and testified that this woman got punched in the forehead.
The judge was concerned that it was a high-speed chase and that road rage was involved. The judge said he found juvenile's mother to be credible but found him guilty of battery anyway. The judge explained:
"I'm going to go ahead, and I'm going to find you guilty of battery. You can take it up with the Appeals Court....
You know, quite frankly, I'll be honest with you.... I'm going by strictly the elements. Okay. I go bythat's how I read the jury instructions. I am quite sure that the Appeals Court could very well disagree with me. I don't mind. I just want the restitution.

...

I'm not inclined to adjudicate in this thing. I think that the line is so close to self-defense and defense of knowingI'll state it for the Appeals Court. The line was very close in this case, Taylor. I'm *763 not inclined to adjudicate the child in this, not with this set of facts.

...
This was a child that was going to help someone. I think it was immature what happened, and I don't think a reasonable person would have done exactly what he did, and that's the standard I go by."
We give de novo review to the denial of a motion for a judgment of acquittal. W.W. v. State, 993 So.2d 1182, 1184 (Fla. 4th DCA 2008). The State has the burden of proving guilt beyond a reasonable doubt,[1] and when defendant presents a prima facie case of self-defense, it has the burden of proving defendant did not act in self-defense beyond a reasonable doubt. Fowler v. State, 921 So.2d 708, 711 (Fla. 2d DCA 2006). As the Court explained in Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984), superseded by statute on other grounds as stated in Thomas v. State, 918 So.2d 327 (Fla. 1st DCA 2005):
"While the defendant may have the burden of going forward with evidence of self-defense, the burden of proving guilt beyond a reasonable doubt never shifts from the State, and this standard broadly includes the requirement that the State prove that the defendant did not act in self-defense beyond a reasonable doubt."
In Sneed v. State, 580 So.2d 169, 170 (Fla. 4th DCA 1991), we held that the State must disprove the defense of self-defense beyond a reasonable doubt. When the State's evidence is legally insufficient to rebut the juvenile's testimony establishing self-defense, the court must grant a motion for judgment of acquittal. Fowler, 921 So.2d at 711-12; see also Thompson v. State, 552 So.2d 264 (Fla. 2d DCA 1989); Hernandez Ramos v. State, 496 So.2d 837 (Fla. 2d DCA 1986); Rodriguez v. State, 550 So.2d 81 (Fla. 3d DCA 1989); Brown v. State, 454 So.2d 596 (Fla. 5th DCA 1984); Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980); Bacom v. State, 317 So.2d 148 (Fla. 1st DCA 1975).
The testimony of the female driver, the mother and the juvenile presented prima facie evidence of self-defense. Their testimony was that he did not initiate the fight with the male driver and that he acted to defend the female driver. The trial judge described the testimony of the mother specifically as being credible. Indeed the judge's own stated view of the evidence is that it was nearly in equipoise. In this circumstance it was necessary for the State to present rebuttal evidence disproving self defense beyond a reasonable doubt. Its failure to do so required a judgment of acquittal.
Reversed for judgment of acquittal.
GROSS, C.J., and CIKLIN, J., concur.
NOTES
[1] See § 985.35.(2)(a), Fla. Stat. (2009) ("In a hearing on a petition alleging that a child has committed a delinquent act or violation of law, the evidence must establish the findings beyond a reasonable doubt").