PER CURIAM.
Respondent appeals from an adjudication of delinquency for disorderly conduct. For the following reasons, we reverse.
During a lunch break off-campus, respondent was seen fighting with another girl, “Ruff,” outside of Norland Senior High School. A school official and a school police officer arrived after the fight had started, but saw respondent holding Ruffs hair and pulling up Ruffs shirt. The two *1217 men broke up the fight. At the adjudicatory hearing on the disorderly conduct charge,[1] respondent testified that she was a student at Norland, was verbally confronted by Ruff, but walked away from Ruff. She further testified that Ruff had jumped her from behind, and that when the officer broke up the fight, respondent was acting in self defense.
The defense moved for a judgment of acquittal; the court agreed with the State that the defense of self defense does not apply to disorderly conduct, and that the evidence presented did not rise to the level of self defense. Respondent appeals her adjudication of delinquency.
We reverse, as the trial court erred in refusing to consider the defense of self defense, and because respondent’s uncon-troverted testimony established that she was indeed acting in self-defense when the officer separated the two girls. Self-defense[2] may be used as a defense to a charge of disorderly conduct provided that the person charged did not provoke the fight. See generally 12 Am.Jur.2d, Breach of Peace § 36 (1997). See also State v. Schumaier, 603 N.W.2d 882 (N.D.1999) (holding that in prosecution for disorderly conduct, defendant is entitled to jury instruction on self-defense if evidence supports that defense); State v. Heiskell, 8 Kan.App.2d 667, 666 P.2d 207 (1983) (same). Cf O’Brien v. State, 771 So.2d 563 (Fla. 4th DCA 2000) (holding that in prosecution for disorderly conduct, where evidence did not support giving of instruction of self defense, court did not err in refusing to instruct jury on that defense). Contra, State v. Glowacki, 615 N.W.2d 843 (Minn.Ct.App.2000) (holding that self defense is not a legal excuse for disorderly conduct).
In short, nothing in the disorderly conduct statute prohibits raising the defense of self defense. Where, as here, the uncontroverted evidence is that respondent did not initiate the fight, and was acting to protect herself from her attacker, the defense of self defense applies. See M.P.W. v. State, 702 So.2d 591, 592 (Fla. 2d DCA 1997) (“The trial judge, as a fact finder, may determine the credibility of a witness. However, while the judge may find that a witness is not credible, such a finding does not permit the judge to interpret that witness’s testimony contrary to what was actually testified.”); State v. G.H., 549 So.2d 1148, 1149 (Fla. 3d DCA 1989) (trial court not free to reject witness’ materially consistent and uncontroverted testimony); Republic Nat’l Bank of Miami, N.A. v. Roca, 534 So.2d 736, 738 (Fla. 3d DCA 1988) (“A trial court cannot arbitrarily reject unrebutted testimony.”).
Reversed and remanded with directions to discharge respondent.

. "Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s.775.082 or s.775.083." § 877.03, Fla. Stat. (1999).

. "A person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against such other's imminent use of unlawful force.” § 776.012, Fla. Stat. (1999)