**STATE of Minnesota, Respondent,**

v.

**Philip Leighton SOUKUP, Appellant.**

No. C8–02–885.

Court of Appeals of Minnesota.

Feb. 11, 2003.

Mike Hatch, Attorney General, St. Paul, Mn; and Terry L. Adkins, Rochester City Attorney, SaraJane M. Olson, Assistant City Attorney, Rochester, Mn, for respondent.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant Public Defender, Minneapolis, Mn, for appellant.

Considered and decided by HALBROOKS, Presiding Judge, SCHUMACHER, Judge, and HUDSON, Judge.

## OPINION

HUDSON, Judge.

Appellant Philip Leighton Soukup challenges his misdemeanor conviction of disorderly conduct, arguing that the trial court erred by ruling that, as a matter of law, self-defense does not apply where the defendant is charged with the offense of disorderly conduct. We hold that a defendant may raise a claim of self-defense to a charge of disorderly conduct where the behavior forming the basis of the offense presents the threat of bodily harm. But because the evidence in the record, as a matter of law, does not support a claim of

self-defense, the trial court's erroneous legal ruling is harmless error. We affirm.

## FACTS

On December 17, 2001, John Soukup (Soukup) and his brother Philip Leighton Soukup (appellant) were working at a construction site in Rochester. Soukup and a co-worker, Anthony Richards (Richards), were cleaning in a construction site building when appellant entered the building. Soukup hollered at appellant, "What the hell are you doing in here" and told him to leave. Richards heard the two brothers exchanging words and then saw Soukup grab the back of appellant's coat. Appellant turned to face Soukup, swinging his fist, and the two men simultaneously punched each other in the face. Richards watched them fight for about a minute before leaving to find their foreman. Richards testified that appellant and Soukup were mutually fighting, and it appeared difficult for appellant to give up the fight. As Richards returned with the foreman, they saw appellant throw the last punch. Appellant emerged from the fight unscathed, but Soukup sustained a large bruise over his left eye and a small cut to his hand. The state charged both men with disorderly conduct.[1]

Appellant waived a jury trial and filed notice of his intention to assert the defense of self-defense prior to trial. Appellant did not testify, nor did he present any witnesses on his behalf. Soukup did not testify either. Defense counsel argued the theory of self-defense in his opening statement, and again in an oral motion for judgment of acquittal. The trial court denied appellant's motion for acquittal, and ordered the parties to brief the issue of whether self-defense applied to disorderly conduct.

In an order dated May 17, 2002, the trial court found appellant guilty of disorderly conduct. Specifically, the trial court found that appellant "acted in a disorderly manner by fighting and brawling * * *" and that "[t]he legal excuse of self-defense does not apply to disorderly conduct."

This appeal followed.

## ISSUE

May a defendant properly assert self-defense against a charge of disorderly conduct?

## ANALYSIS

 Statutory construction presents a question of law, which we review de novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996). Our primary goal in statutory construction is to effectuate legislative intent. Minn.Stat. § 645.16 (2000). This court must give effect to the plain meaning of clear and unambiguous statutory language. *State v. Wetsch,* 511 N.W.2d 490, 491 (Minn.App.1994), *review denied* (Minn. Apr. 19, 1994). When determining legislative intent, we presume that the legislature did not intend an absurd result. *Murphy,* 545 N.W.2d at 916. "Moreover, courts should give a reasonable and sensible construction to criminal statutes." *Id.*

Similarly, this court reviews de novo whether the trial court properly applied the law. *State v. Basting,* 572 N.W.2d 281, 282 (Minn.1997). Determination of "the evidence required to convict" under a specific statute "is an issue of statutory interpretation, a matter of law" subject to de novo review. *State v. Tomlin,* 622 N.W.2d 546, 548 (Minn.2001) (citation omitted). Findings from a court trial are entitled to the same weight as a jury verdict. *State*

---

1. Originally, the state charged appellant with misdemeanor fifth-degree domestic assault in addition to disorderly conduct, but the state dropped the assault charge on the day of trial.

*v. Thompson,* 544 N.W.2d 8, 11 (Minn. 1996). We will not disturb those findings unless "manifestly against the evidence." *State v. Miller,* 253 Minn. 112, 116, 91 N.W.2d 138, 141 (1958).

To fill an existing gap in the law of self-defense, we must decide, as a matter of first impression, whether a defendant charged with disorderly conduct may defend on the basis of self-defense. Appellant maintains that self-defense is a valid defense to a charge of disorderly conduct because Soukup committed "an offense against [appellant's] person"—namely, fifth-degree assault—when he grabbed appellant by the back of his coat. Conversely, the state maintains that this court expressly held in *State v. Glowacki,* 615 N.W.2d 843 (Minn.App.2000) *(Glowacki I),* rev'd, 630 N.W.2d 392 (Minn.2001) *(Glowacki II),* that the legal excuse of self-defense does not apply to the offense of disorderly conduct.

### 1. Disorderly Conduct

 Minnesota law defines disorderly conduct as follows:

Whoever does any of the following in a public or private place, including on a school bus, knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct, which is a misdemeanor:

(1) Engages in brawling or fighting; or

(2) Disturbs an assembly or meeting, not unlawful in its character; or

(3) Engages in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others.

Minn.Stat. § 609.72 (2000). The trial court found that appellant violated parenthetical (1), relating to brawling and fight-ing. To prove disorderly conduct, the state must show that an offender "knew or should have known that his conduct would alarm, anger or disturb others or would provoke an assault or breach of the peace." *State v. Ackerman,* 380 N.W.2d 922, 925 (Minn.App.1986). Actual commotion need not occur, rather "[i]t is sufficient if defendant's conduct is likely to annoy, disturb, or arouse anger." *City of St. Paul v. Azzone,* 287 Minn. 136, 139–40, 177 N.W.2d 559, 561–62 (1970).

### 2. Self-defense

 Minnesota law authorizes the reasonable use of force under certain circumstances, and provides, in relevant part:

[e]xcept as otherwise provided in subdivision 2, reasonable force may be used upon or toward the person of another without the other's consent when the following circumstances exist or the actor reasonably believes them to exist:

\* \* \* \*

(3) when used by any person in resisting or aiding another to resist an offense against the person.

Minn.Stat. § 609.06, subd. 1(3) (2000). This statute allows an individual to use reasonable force to resist "an offense against the person," but the law is not offense-specific and imposes no limits on application of the defense based on the type of offense charged. *Id.* Notably, principles of self-defense in homicide cases apply to assault cases as well. *See State v. Baker,* 280 Minn. 518, 523, 160 N.W.2d 240, 243 (1968). Accordingly, the four elements of self-defense are: (1) an absence of aggression or provocation; (2) an actual and honest belief that imminent death or great bodily harm would result; (3) a reasonable basis existed for this belief; and (4) an absence of reasonable means to retreat or otherwise avoid the physical conflict. *Basting,* 572 N.W.2d at 285.

Moreover, a defendant may use reasonable force only in the absence of a reasonable alternative. *Glowacki II,* 630 N.W.2d at 403. If a defendant has not attempted to evade or retreat from combat, but instead has needlessly joined into it, that use of force is not self-defense. *Baker,* 280 Minn. at 524, 160 N.W.2d at 243. Respecting the presumption of innocence, any doubt regarding the legitimacy of a self-defense claim should be resolved in a defendant's favor. *State v. Boitnott,* 443 N.W.2d 527, 533 n. 2 (Minn.1989).

■ Though not an exhaustive list, a number of factors are relevant to the determination of whether the level of force used was reasonable: age and size of victim and defendant; victim's reputation for violence; previous threats and/or altercations between victim and defendant; defendant's aggression, if any; victim's provocation, if any. *See Basting,* 572 N.W.2d at 285–86 (Minn.1997) (considering evidence of victim's and defendant's respective physical attributes, defendant's training as professional boxer, and that only victim sustained injuries in fight); *State v. Bland,* 337 N.W.2d 378, 382 (Minn.1983) (allowing evidence of victim's reputation for violence and quarrelsome tendency to determine whether defendant was put in fear of imminent bodily harm or which party was aggressor); *Baker,* 280 Minn. at 526, 160 N.W.2d at 245 (stating defendant's lack of injuries probative); *State v. Roy,* 408 N.W.2d 168, 172 (Minn.App.1987) (considering victim and defendant of comparable size, victim sustained multiple, ultimately fatal, injuries but defendant sustained none), *review denied* (Minn. July 22, 1987).

■ Furthermore, and of particular significance here, a defendant claiming self-defense carries the burden of going forward with evidence to support his or her claim. *State v. Graham,* 371 N.W.2d

204, 209 (Minn.1985). The burden is one of production, and "requires the defendant to come forward and present a sufficient threshold of evidence to make the defense one of the issues of the case." *State v. Charlton,* 338 N.W.2d 26, 29 (Minn.1983). The defense is sufficiently raised when a defendant creates a reasonable doubt as to whether the level of force used was justified. *State v. Stephani,* 369 N.W.2d 540, 546 (Minn.App.1985), *review denied* (Minn. Aug. 20, 1985). Once a defendant has met this burden, the state must demonstrate that the defendant did not act in self-defense by negating one of the four elements of the defense. *State v. Spaulding,* 296 N.W.2d 870, 875 (Minn.1980).

■ As a threshold matter, we recognize that one can commit disorderly conduct as defined in parentheticals (2) and (3) of Minn.Stat. § 609.72 (the disorderly conduct statute) without committing an "offense against the person." *See City of Little Falls v. Witucki,* 295 N.W.2d 243 (Minn.1980) (uttering abusive, vulgar and offensive language, i.e., "fighting words" at bartender). Inasmuch, self-defense does not apply to all behaviors that may constitute violations of the disorderly conduct statute, like public urinating, excessive noise, etc. Thus, in order to fall within the ambit of parenthetical (3) of Minn.Stat. § 609.06 (the self-defense statute), the offense to which a person asserts self-defense must be considered an offense of a physical nature, carrying the potential to cause bodily harm, that is, an "offense against the person." Accordingly, we hold that self-defense is applicable to a charge of disorderly conduct where the behavior forming the basis of the offense presents the threat of bodily harm.

Here, Soukup undeniably started the fight by grabbing the back of appellant's coat, and plainly committed an offense against appellant's person—namely, as-

sault. For this fact alone, appellant was entitled to raise the defense of self-defense. Other factors suggest this is the right result. For instance, the phrase "brawling and fighting" obviously suggests an offense against one's person. Moreover, disorderly conduct is frequently charged in tandem with more violent offenses, such as varying degrees of assault and terroristic threats. *See Glowacki II*, 630 N.W.2d at 392 (committing domestic assault, fifth-degree assault, and disorderly conduct by hitting, kicking, and pushing former girlfriend); *State v. Johnson*, 392 N.W.2d 357 (Minn.App.1986) (committing fifth-degree assault and disorderly conduct by swearing and screaming at, and eventually striking, victim). Additionally, CRIM-JIG 13.120, the disorderly conduct jury instruction, is found in chapter 13, titled "Assault and Related Crimes Against the Person," also home to instructions for offenses such as assault and terroristic threats. *See* 10 *Minnesota Practice*, CRIMJIG 13.01–.127 (1999). Finally, as appellant correctly notes, some states specifically allow an individual charged with disorderly conduct to assert self-defense. *See, e.g., State v. Schumaier*, 603 N.W.2d 882 (N.D.1999); *D.M.L. v. State*, 773 So.2d 1216 (Fla.Dist.Ct.App.2000); *State v. Heiskell*, 8 Kan.App.2d 667, 666 P.2d 207 (1983).

To the contrary, the state claims that our decision in *Glowacki I* precludes a defendant from raising self-defense against disorderly conduct. In *Glowacki I*, we held that instructing the jury that "the legal excuse of self-defense * * * includes the duty to avoid the danger if reasonably possible" constituted reversible error because it suggested to the jury that defendant had a duty to retreat in his own home when defending an offense against his person by a co-resident. *Glowacki I*, 615 N.W.2d at 845. We concluded the opinion by stating "[t]he conviction of disorderly

conduct, to which the legal excuse of self-defense does not apply, is unaffected by this decision." *Id.* The state points to this sentence in support of its contention that the legal excuse of self-defense does not apply to disorderly conduct. The state also cites a Florida case, *D.M.L. v. State*, which cited *Glowacki I* for the above-stated proposition. *See D.M.L.*, 773 So.2d at 1217 (stating in parenthetical *Glowacki I* held self-defense inapplicable to disorderly conduct). We reject this contention. The *D.M.L.* court cited *Glowacki I* in a string cite, prefaced with the signal "*[c]ontra*," for a proposition *contrary to the main holding* in that case. *D.M.L.*, 773 So.2d at 1217 (reversing delinquency adjudication for disorderly conduct where trial court refused to consider juvenile's uncontroverted testimony indicating she acted in self-defense). The fact that a foreign court cited a Minnesota case for a particular proposition is largely irrelevant and has little bearing here on whether *Glowacki I* squarely decided the question of applying self-defense to disorderly conduct.

■■■ More importantly, the state's assertion that *Glowacki I* exempts disorderly conduct from self-defense is taken out of context. *Glowacki I* simply held that the erroneous jury instruction misstated the law of self-defense and warranted reversal of Glowacki's domestic and fifth-degree assault convictions, but not his disorderly conduct conviction. Furthermore, as appellant correctly states, the sentence upon which the state relies in *Glowacki I* is mere dicta, and explains the procedural posture of the remaining disorderly conduct conviction, not the holding. "Obiter dictum" refers to a statement that reaches beyond the actual dispute before the court. *Pecinovsky v. AMCO Ins. Co.*, 613 N.W.2d 804, 808 (Minn.App.2000), *review denied* (Minn. Sept. 26, 2000). Thus, such expres-

sions are not part of the court's opinion, but rather the individual views of the authoring judge. *Id.* Dictum is a statement concerning an issue without the "benefit of adversarial briefing and argument." *Id.* More importantly, dictum is not the product of thorough research, careful consideration, and deliberate decision-making. *State ex rel. Foster v. Naftalin,* 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956). As such, dictum is not entitled to the same reverence as the court's actual holding. *Id.* at 209, 74 N.W.2d at 266.

That the state's reliance on *Glowacki I* is misplaced is further illustrated by the fact that Glowacki, in his brief to this court, did not argue, or otherwise take a position on, the propriety of asserting self-defense to a charge of disorderly conduct. Thus, in *Glowacki I,* the issue was not properly before us for consideration, nor did we have the benefit of adversarial argument and briefing. Moreover, the supreme court in *Glowacki II* did not address, or even mention, the applicability of self-defense to the offense of disorderly conduct. The court thoroughly discussed the defense of self-defense, but only as it applied to the convictions at issue, namely, domestic and fifth-degree assault. *Glowacki II,* 630 N.W.2d at 399–403. Finally, on remand to this court, we did not address the applicability of self-defense to disorderly conduct. *State v. Glowacki,* No. C8–99–1507, 2001 WL 1182376 (Minn. App. Oct. 9, 2001) *(Glowacki III).* The applicability of self-defense to disorderly conduct was neither challenged nor considered in the *Glowacki* trilogy. Because the applicability of self-defense to disorderly conduct was not squarely before either Minnesota appellate court in the *Glowacki* trilogy, the statement was, at most, a recitation of the procedural posture with no precedential value. *See Pecinovsky,* 613 N.W.2d at 808.

Here, the trial court held that self-defense is inapplicable to disorderly conduct. For the reasons explained in this opinion, this ruling was in error. But we conclude that the error was harmless beyond a reasonable doubt. Several factors support our conclusion. First, the evidence in this record is overwhelming that appellant mutually fought with his brother, i.e., engaged in disorderly conduct. *See, e.g., State v. Juarez,* 572 N.W.2d 286, 291 (Minn.1997) (stating overwhelming evidence of guilt critical factor in determining impact of error on verdict). That the state charged Soukup with disorderly conduct for his role in the altercation further highlights this point. Next, the trial court did not base its finding of guilt on its declaration that self-defense does not apply to disorderly conduct, so much as the uncontroverted evidence that appellant fought and brawled with his brother. *See id.* (establishing correct standard of harmless error impact analysis as basis of fact-finder's verdict, not whether fact-finder could have convicted without error). Finally, the record as a whole establishes that, even if it had considered self-defense, the trial court very likely would have reached the same result. *See id.* (stating reviewing court examines entire record when determining whether error harmless beyond reasonable doubt).

What remains is whether self-defense was available to appellant in this case; specifically, whether he met his burden of production. We conclude he did not. Of course, whether a defendant's use of force was reasonable is a fact question and, like all factual disputes, should be decided by the fact-finder. But when the evidence in the record is undisputed and leads a rational fact-finder to a single conclusion, the issue becomes a question of law. *Jack Frost, Inc. v. Engineered Bldg. Components Co.,* 304 N.W.2d 346, 350 (Minn.

1981); *Costilla v. State*, 571 N.W.2d 587, 592 (Minn.App.1997) ("[f]acts may be undisputed even though the parties disagree on the inferences or legal conclusions drawn from the facts"), *review denied* (Minn. Jan. 28, 1998). Here, a reasonable fact-finder could reach only one conclusion, that appellant's use of force was unjustified and unreasonable. *Glowacki II*, 630 N.W.2d at 403 (holding as matter of law no reasonable juror could find defendant's use of force reasonable even assuming defendant's version of events was true).

The uncontroverted testimony establishes that, as a matter of law, appellant destroyed whatever self-defense claim he might have had by reacting to Soukup's assault with a greater-than-warranted level of force. Undoubtedly, appellant was responding to an independent assault by Soukup. But appellant punched Soukup in the face for hollering at him and grabbing his coat and appellant continued to fight with Soukup for at least a minute before a coworker went to alert their supervisor. The record does not indicate any effort by appellant to avoid or retreat from combat, but rather his acceptance of the invitation to fight. Moreover, appellant did not testify, nor did he present other witnesses on his behalf. Though a defendant may still raise self-defense without testifying, the lack of testimony makes it difficult for a defendant to meet the burden of production necessary to go forward with a claim of self-defense. *Stephani*, 369 N.W.2d at 546 (citing *Hauwiller v. State*, 295 N.W.2d 641, 643 (Minn.1980)). The record before us is devoid of evidence suggesting appellant's state of mind during the altercation—his testimony may have shed light on why he responded with that level of force. Nor does the record reflect that appellant made any effort to retreat or otherwise avoid the conflict. There simply is no evidence suggesting that appellant's use of force was reasonable or justified under the circumstances.

## DECISION

The trial court erred in ruling that the legal excuse of self-defense does not apply to the offense of disorderly conduct. But because the record contains ample evidence to rebut a claim of self-defense, that error was harmless. As such, appellant's disorderly conduct conviction stands.

**Affirmed.**