LAWSON, J.
S.D.G. timely appeals from an adjudication of delinquency that was withheld for the charge of disorderly conduct.[1] Appellant contends that the trial court erred in rejecting her defense of self-defense. We agree and reverse.
At trial, the State called only one witness, Officer John C. Murray, who had responded to a reported fight on January 8, 2005. Upon his arrival, Officer Murray observed a large crowd disbursing from the area where a fight had presumably taken place. When another altercation started outside of his view, Officer Murray moved toward the noise and found Appellant and another juvenile “locked together ... grabbing hold of each other and fighting.” The officer instructed the two to separate “several times” to no avail. When his partner “tasered” the other juvenile, Appellant then immediately backed away.
The only other witnesses were called by the defense. These two witnesses testified that the other juvenile attacked the Appellant, who only fought back in self-defense. This testimony was uncontroverted. On this record, Appellant was found delinquent for disorderly conduct.
While section 877.03, Florida Statutes (2005), defines “disorderly conduct” to include “brawling or fighting,” self-defense is a defense to the charge “provided that the person charged did not provoke the fight.” D.M.L. v. State, 773 So.2d 1216, 1217 (Fla. 3d DCA 2000). Where a defendant did not initiate the fight, and was acting to protect herself from her attacker, the defense of self-defense applies. Id.
Once Appellant produced evidence supporting her claim of self-defense, the State was required to prove beyond a reasonable doubt that Appellant’s actions were not taken in self-defense to sustain a finding of guilt. See, e.g., Hernandez Ramos v. State, 496 So.2d 837 (Fla. 2d DCA 1986). *706 Because all of the evidence supported Appellant’s self-defense theory, the State’s proof of guilt was clearly insufficient as a matter of law. D.M.L., 773 So.2d at 1217.
The State attempts to distinguish D.M.L. by arguing that because there was evidence that Appellant and her assailant were exchanging “fighting words” during the altercation, the evidence of her verbal conduct should be sufficient to sustain the finding of guilt. A careful review of the record, however, reveals that the State’s sole witness “couldn’t tell ... exactly who was hollering.” The only defense witness who was asked, testified that it was Appellant’s assailant who was “yelling” and “screaming.” Therefore, there was no evidence that Appellant created a disturbance with her words.[2]
The State also argues that the trial court’s finding is supported by Appellant’s failure to immediately withdraw from the altercation upon Officer Murray’s command. However, it is not clear from the evidence that Appellant heard the command or that she could have safely withdrawn prior to the disabling of her assailant. Therefore, even if the failure to respond to an officer’s command to withdraw from a fight undertaken in self-defense could constitute disorderly conduct under some circumstances, the finding of guilt clearly cannot be sustained on this record.
We reverse and remand with directions to discharge Appellant.
REVERSED and REMANDED.
SHARP, W., and TORPY, JJ., concur.

. While adjudication of delinquency on the charge of disorderly conduct against Appellant was withheld and while Appellant has most likely already completed her sentence of six months of probation, the order appealed is reviewable pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(B).

. Even if there was record evidence of "yelling” by Appellant, we would be unwilling to hold that an individual must defend herself silently in order to prevail on a theory of self-defense.