PER CURIAM.
S.R., a juvenile, appeals her adjudication of delinquency based on the trial court’s denial of her motion for judgment of acquittal. Finding that the State failed to rebut her prima facie case of self-defense, we reverse the adjudication and remand with instructions to discharge S.R.
The State filed a petition for delinquency against S.R. charging her with battery. The charge stemmed from an incident with her step-father, Nelson Jerez. Jerez testified at trial that he returned home and could hear through the apartment door S.R., a thirteen-year old, and her mother screaming at each other. Jerez entered and told S.R. to stop disrespecting the house and screaming at her mother. S.R. told him to mind his own business. S.R. was in the hall, the only way to get to the apartment’s front door. Jerez stood between S.R. and the door. One or both of them cursed at the other. S.R. got up, got in Jerez’s face and asked him what he was going to do. The two continued arguing and S.R. pushed Jerez out of the way. Jerez told S.R. that she had done it this time and told her he was going to call the police. S.R. ran out the front door.
The evidence further disclosed that Jer-ez is 6'2" tall and weighs 238 pounds. He admitted on cross that S.R. had seen his violent confrontations with her mother, that he has “head-butted” her mother,[1] and that he yells and screams at the mother. He admitted once shoving and pulling S.R. He also testified that S.R. causes a lot of strife in the household.
The State presented the testimony of the mother. She testified that she saw S.R. push Jerez out of her way. The two were arguing.
S.R. asserted self-defense. She testified that Jerez walked closer to her, was screaming in her face, cursing and spitting at her. She tried to get away from him and told him to move. She was in the only hallway leading to the door. She testified that she finally pushed him out of the way so she could leave. S.R. has seen Jerez yell at her mother; Jerez has shoved S.R. and pulled S.R.’s hair in the past.
The defense moved for a judgment of acquittal, arguing self-defense. The court denied the motion and adjudicated S.R. This appeal follows.
The standard for reviewing the denial of a motion for judgment of acquittal is de novo. E.A.B. v. State, 933 So.2d 676 (Fla. 2d DCA 2006). Once evidence of self-defense is presented, the State must prove beyond a reasonable doubt that the actions were not taken in self-defense to uphold the conviction. S.D.G. v. State, 919 So.2d 704 (Fla. 5th DCA 2006); S.J.C. v. State, 906 So.2d 1115 (Fla. 2d DCA 2005); Guffey v. State, 837 So.2d 1068 (Fla. 2d DCA 2003). Here, the State emphasizes that S.R. purposefully pushed Jerez; it was not an accident. This, however, is insufficient to rebut the self-defense claim.
Self-defense does not focus on whether the act was purposeful. It focuses on whether the act was done to defend against the imminent use of force against oneself. E.A.B., 933 So.2d at 678. Here, S.R. knew of Jerez’s prior violent acts. Jerez testified that he had never hit his *444 wife but had “head-butted” her. There was testimony that he had shoved S.R. in the past, and had pulled her hair. By physically blocking her in the hallway, he made it reasonable for S.R. to feel threatened, and not unreasonable for her to want to escape the situation by exiting the apartment. S.R. did not use unreasonable force, in view of the situation. Jerez is considerably larger than S.R. S.R.’s testimony was unimpeached that she reasonably believed this conduct was necessary to defend against Jerez’s capability to strike her. E.A.B., 933 So.2d at 678; D.M.L. v. State, 773 So.2d 1216 (Fla. 3d DCA 2000). The State did not rebut this claim by any evidence. D.M.L.; Guffey.
“Once Appellant produced evidence supporting her claim of self-defense, the State was required to prove beyond a reasonable doubt that Appellant’s actions were not taken in self-defense to sustain a finding of guilt.” S.D.G., 919 So.2d at 705. Other than making room for herself to escape the situation, by pushing the victim, S.R. had no means to withdraw from the situation. The State did not prove beyond a reasonable doubt that S.R. did not act in self-defense. The motion for judgment of acquittal should have been granted.
The adjudication is therefore vacated, and this case is remanded with instructions to discharge S.R.[2]
Adjudication vacated; remanded with instructions.

. Although S.R. did not witness this incident, she had been told about it and there is no dispute that the incident occurred.

. For the benefit of the family when they read this, no one needs to claim a victory because of this ruling. Jerez did the right thing when he called the police. S.R. did the right thing when she sought to cool off by leaving the apartment. S.R. did the wrong thing by disrespecting the adults in her home. From the distance of the appeals court, we will hope that some counseling is available and is productive. If each of the three family members were voluntarily to “attend and observe” two hours of injunction testimony in the domestic violence court (on separate days), each would be persuaded that the time to work out these issues is now, and not at a later and more serious juncture.