LaROSE, Judge.
M.L.J. appeals the trial court’s disposition order finding that he violated section 877.03, Florida Statutes (2009), which prohibits disorderly conduct. The trial court withheld adjudication and placed M.L.J. on probation. We have jurisdiction. See Fla. R.App. P. 9.145(b)(1) (providing for appeal of an order of adjudication of delinquency or withholding adjudication of delinquency or any disposition order entered thereon).[1] We affirm the delinquency finding but reverse for the trial court to enter a proper disposition order.
The charge against M.L.J. arose from a schoolyard tussle with another boy. M.L.J. said that he acted in self-defense; the other boy was the aggressor. M.L.J. argues on appeal that fundamental error or ineffective assistance of trial counsel on the face of the record occurred where counsel failed to move for a judgment of dismissal based on self-defense. • We are unpersuaded.
When charged with disorderly conduct, a defendant who does not initiate the fight and acts to protect himself or herself from the attacker may assert self-defense. S.D.G. v. State, 919 So.2d 704, 705 (Fla. 5th DCA 2006). The defense applies only if the defendant did not provoke the fight. D.M.L. v. State, 773 So.2d 1216, 1217 (Fla. 3d DCA 2000). However, our record reflects disputed facts as to whether M.L.J. was the aggressor. See, e.g., Rasley v. State, 878 So.2d 473, 476 (Fla. 1st DCA 2004); Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCÁ 2002); Hoffman v. State, 708 So.2d 962, 964 (Fla. 5th DCA 1998). On such disputed facts, a motion for judgment of dismissal would have failed. We observe, nonetheless, that M.L.J.’s counsel pleaded strenuously in her closing argument to the trial court that M.L.J. acted in self-defense. We see neither fundamental error nor ineffective assistance of counsel on the face of the record.
M.L.J. argues, and the State concedes, that we must reverse and remand M.L.J.’s case for entry of a separate dispo *350 sition order for the disorderly conduct offense. See Fla. R. Juv. P. 8.115(d); W.S.G. v. State, 32 So.3d 725, 726 (Fla. 2d DCA 2010) (holding that entering one order of commitment in two separate cases constituted error and reiterating that each case requires a separate disposition order); G.V. v. State, 863 So.2d 1271, 1272 (Fla. 2d DCA 2004) (reversing and remanding for entry of separate disposition orders). M.L.J. preserved this issue by filing a motion to correct disposition error which was deemed denied when not ruled upon within thirty days by the trial court. See Fla. R. Juv. P. 8.135(b)(1), (2).
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and WALLACE, JJ., Concur.

. We reject the State’s argument that the appeal is moot because M.L.J. received a withhold of adjudication and his probationary period had expired. M.L.J. raised the legality of his disposition as well as his sentence. See, e.g., Sramek v. State, 946 So.2d 1235, 1236 (Fla. 2d DCA 2007) (noting that the fact that a defendant has already served his sentence does not render his appeal moot) (citing Hagan v. State, 853 So.2d 595, 597 (Fla. 5th DCA 2003)); Lamb v. State, 526 So.2d 998, 998 (Fla. 1st DCA 1988) (holding that appeal is not moot even though the defendant had completed his sentence because the "possibility of removing the stigma of a conviction represents a significant practical purpose demonstrating the continuing viability of the appeal”). There are also financial and social consequences of M.L.J.’s case even though he received a withhold of adjudication. And, a withhold of adjudication could be relevant to future dispositions if M.L.J. ever was rearrested or sought admission or employment in an area requiring disclosure of any trial record. See J.M. v. State, 677 So.2d 890, 893 (Fla. 3d DCA 1996). Our rules specifically provide for appeal of an order adjudicating or withholding adjudication of delinquency. See Fla. R.App. P. 9.145(b)(1). One juvenile case, although not relying on rule 9.145(b)(1), held that orders withholding adjudication were ap-pealable in their own right under Florida Rule of Appellate Procedure 9.140(b)(1)(B). See S.D.G. v. State, 919 So.2d 704, 705 n. 1 (Fla. 5th DCA 2006).