*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1465**

State of Minnesota,
Respondent,

vs.

Undra Lewis Harrell,
Appellant.

**Filed June 29, 2015
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CR-13-36714

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Smith, Judge.

**SMITH**, Judge

We affirm appellant Undra Harrell's conviction for second-degree assault because the district court did not abuse its discretion by not admitting reputation evidence that was irrelevant to Harrell's self-defense argument.

## FACTS

After 5 a.m. on October 9, 2013, Harrell entered the Salvation Army homeless shelter in downtown Minneapolis. Because the shelter stops accepting people at 5 a.m., staff told Harrell that he had to leave. Rather than leaving, he entered the chapel.

In the chapel, Harrell and another person staying in the shelter, T.W., got into an argument. T.W. grabbed Harrell and pushed him to the exterior doors of the shelter. Harrell subsequently fell down on the steps, and T.W. got on top of him and held him down. At some point, shelter staff arrived and broke up the brawl. Harrell then grabbed a knife that had fallen out of his pocket and stabbed T.W. twice in the leg and once near his clavicle.

Harrell was arrested and charged with second-degree assault. At a jury trial, Harrell admitted that he stabbed T.W., but argued that it was self-defense. He testified that he had lingered in the chapel entrance to get warm. He also testified that T.W. began yelling at him to get out and became aggressive. He described T.W. hitting him, choking him, and repeatedly threatening to kill him during the brawl. He then testified that, even though the staff had arrived to break up the fight, he felt he needed to defend himself by stabbing T.W.

A shelter employee, F.P., also testified. Before his testimony, the state requested that the district court preclude F.P. from testifying that T.W. was a bully because there was no evidence that Harrell believed T.W. was a bully at the time. The court ruled that F.P. could only testify about specific acts of bullying by T.W. if Harrell knew of the acts. F.P. ultimately testified that he saw Harrell as T.W. hit him, threw him to the ground by the exterior doors, and started choking him. He also testified that, after a staff member broke up the fight, Harrell pulled out a knife and "swung at [T.W.]" F.P. said that he inserted himself between the two men, but that Harrell continued to swing at T.W. with the knife. F.P. also described T.W. as "a pretty good guy" who helps out at the shelter, but said that there had "been a few incidents" with T.W. inappropriately taking control of matters.

Finally, T.W. testified that he was the initial aggressor in the physical altercation, but that when shelter staff arrived and told him to get off of Harrell, he complied. T.W. testified that, as he was backing away, Harrell stabbed him in the leg and below his neck.

The jury ultimately found Harrell guilty.

## D E C I S I O N

Harrell argues that the district court abused its discretion by refusing to admit testimony that the victim had a reputation as a bully. We review evidentiary rulings for a clear abuse of discretion. *State v. Amos,* 658 N.W.2d 201, 203 (Minn. 2003). "On appeal, the appellant has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *Id.*

Reputation evidence is "admissible to show that the victim was the aggressor," even if the defendant was unaware of the victim's reputation. *State v. Penkaty*, 708 N.W.2d 185, 201 (Minn. 2006) (applying the rule to a homicide case); *see also State v. Bland*, 337 N.W.2d 378, 383 (Minn. 1983) (noting the admission of reputation evidence in assault cases). However, reputation evidence is irrelevant when the essential facts are undisputed, *see State v. Graham*, 292 Minn. 308, 312-13, 195 N.W.2d 442, 445 (Minn. 1972), and when there is no dispute that the victim was the first aggressor and the defendant responded with an unwarranted escalation of force, *see State v. Soukup*, 656 N.W.2d 424, 432 (Minn. App. 2003), *review denied* (Minn. Apr. 29, 2003).

There was no dispute at trial that T.W. was the first to be physically aggressive in the altercation. T.W. testified that he pushed and shoved Harrell to the exterior door of the building, then held him down until staff intervened. Harrell, on the other hand, testified that he felt he had to stab T.W., even though staff had broken up the fight, because "the staff can only do so much."

Self-defense requires that the defendant feel he is in "imminent danger," not that he could be in danger at some future point. *State v. Devens*, 852 N.W.2d 255, 258 (Minn. 2014) (requiring an "honest belief . . . in imminent danger of . . . bodily harm" and no "reasonable possibility of retreat"). Harrell was not in imminent danger because the fight had been disrupted and four staff members were present to control T.W. And, even if he felt danger was imminent, stabbing T.W. three times without warning was an unwarranted escalation in violence from the brawl described by Harrell, particularly after staff intervention. Furthermore, witnesses testified that no one prevented Harrell from

4

leaving through the nearby exit, so Harrell could have safely retreated at any time. Therefore, the district court did not abuse its discretion by excluding the reputation evidence because it was not relevant to the self-defense issue when there was no dispute that T.W. was the first aggressor and that Harrell escalated the violence when he had an opportunity for safe retreat.

**Affirmed.**