*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1461**

State of Minnesota,
Appellant,

vs.

Kristyn Nicole Schouweiler,
Respondent.

**Filed January 11, 2016
Reversed and remanded
Larkin, Judge**

Wabasha County District Court
File No. 79-CR-15-397

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karen S. Kelly, Wabasha County Attorney, Jacob J. Barnes, Assistant County Attorney, Wabasha, Minnesota (for appellant)

Drake D. Metzger, Metzger Law Firm, LLC, Minneapolis, Minnesota (for respondent)


        Considered and decided by Johnson, Presiding Judge; Larkin, Judge; and Harten, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

In this pretrial appeal, the state challenges the district court's probable-cause dismissal of a dishonored-check charge, arguing that the district court erroneously applied a statutory exemption for a check given for a past consideration. We reverse and remand.

**FACTS**

In February 2015, respondent Kristyn Nicole Schouweiler issued a check in the amount of $1,969.07 to the Wabasha County Auditor/Treasurer for her property taxes payable in 2014. Schouweiler's bank did not honor the check because there were insufficient funds in her account. The county notified Schouweiler that her check had been returned and that she had five days to make good on the payment, but the county did not receive a payment from Schouweiler.

In May 2015, appellant State of Minnesota charged Schouweiler with issuance of a dishonored check under Minn. Stat. § 609.535, subd. 2 (2014). Schouweiler moved to dismiss for lack of probable cause, arguing that Minn. Stat. § 609.535, subd. 5 (2014) exempts her from criminal liability because she issued the check for a past consideration. At the hearing on the motion to dismiss, the parties agreed that the sole issue was whether a check issued for outstanding property taxes is a check issued for a past consideration within the meaning of Minn. Stat. § 609.535, subd. 5.

The district court concluded that the past-consideration exemption applies and dismissed the charge. The district court reasoned that "there must be a contemporaneous exchange of goods or services for the check in order to charge [a] person criminally" under

2

Minn. Stat. § 609.535, subd. 2, because "[t]he purpose of the statute is to protect the person who would not have given the goods to the defendant but for the contemporaneous delivery of the check." The district court further reasoned that ongoing government services are "insufficient to satisfy the contemporaneous exchange requirement" and that Schouweiler's "dishonored check was [therefore] given for past consideration."

The state appeals.

**D E C I S I O N**

**I.**

When the state appeals a pretrial order, "a reviewing court will reverse only if the state demonstrates clearly and unequivocally that the district court erred in its judgment and, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *review dismissed* (Minn. June 22, 2001). "Dismissal of a complaint satisfies the critical impact requirement." *Id.* However, a dismissal for lack of probable cause is only appealable "if it is based on a legal determination, such as the interpretation of a statute." *State v. Linville*, 598 N.W.2d 1, 2 (Minn. App. 1999) (quotation omitted). Because the district court dismissed the state's complaint based on its interpretation of the past-consideration exemption under Minn. Stat. § 609.535, subd. 5, the district court's probable-cause determination is reviewable on appeal.

**II.**

This case presents the question of whether a check issued for past property taxes is "a check given for a past consideration" within the meaning of Minn. Stat. § 609.535, subd.

5. Minn. Stat. § 609.535, subd. 2, provides that "[w]hoever issues a check which, at the time of issuance, the issuer intends shall not be paid, is guilty of issuing a dishonored check. . . ." But the dishonored-check statute "does not apply to a postdated check or to a check given for a past consideration, except a payroll check or a check issued to a fund for employee benefits." Minn. Stat. § 609.535, subd. 5.

The parties dispute the meaning of the phrase "a check given for a past consideration." On one hand, Schouweiler narrowly interprets the phrase to mean a check for goods or services provided in the past, as opposed to contemporaneously. Under Schouweiler's interpretation, a party is not criminally liable for the issuance of a dishonored check unless the check was tendered in exchange for the contemporaneous delivery of goods or services. On the other hand, the state argues that we should interpret the phrase more broadly to mean a check tendered under circumstances in which there was no contractual obligation to make the payment associated with the check.

An appellate court reviews statutory-interpretation issues de novo. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013). The goal of statutory interpretation is to ascertain and effectuate the intent of the legislature. Minn. Stat. § 645.16 (2014); *In re Welfare of J.J.P.*, 831 N.W.2d 260, 264 (Minn. 2013). Minn. Stat. § 609.535 does not define "a check given for a past consideration." "In the absence of a statutory definition, we generally turn to the plain, ordinary meaning of a statutory phrase." *State v. Leathers*, 799 N.W.2d 606, 609 (Minn. 2011). However, when the legislature uses a "legal phrase that has acquired a special meaning," courts interpret that legal phrase according to its acquired meaning. *See, e.g.*, *J.J.P.*, 831 N.W.2d at 266 (noting that "adjudication of delinquency" is a legal phrase

4

that has acquired a special meaning and relying on that special meaning to interpret Minn. Stat. § 260B.198, subd. 6 (2012)).

"Past consideration" has a special meaning in contract law and that meaning informs our interpretation of Minn. Stat. § 609.535, subd. 5. "The formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. App. 2006). "Consideration is something of value given in return for a performance or promise of performance that is bargained for; consideration is what distinguishes a contract from a gift." *Deli v. Hasselmo*, 542 N.W.2d 649, 656 (Minn. App. 1996), *review denied* (Minn. Apr. 16, 1996). Consideration must be given "in exchange for a promise or, at a minimum, in reliance upon a promise." 4 Richard A. Lord, *Williston on Contracts* § 8:11 (4th ed. 2008).

"[S]omething that has been given before the promise was made and, therefore, was neither induced by the promise nor paid in exchange for it, cannot, properly speaking, be sufficient, valid, legal consideration." *Id.* Thus, "past consideration cannot support a promise to pay and is invalid." *Cityscapes Dev., LLC v. Scheffler*, 866 N.W.2d 66, 71 (Minn. App. 2015) (quotation omitted). For example in *Scheffler*, property owners retained a real-estate broker to sell certain real property. *Id.* at 67-68. One of the property owners "agreed to pay [the real-estate broker] for its past action of contacting Pheasants Forever." *Id.* at 71. This court held that "[the property owner's] promise was based solely on past consideration, which cannot support a promise to pay." *Id.* at 72 (quotation omitted).

5

We interpret the phrase "a check given for a past consideration" according to the special meaning of past consideration under contract law and hold that the phrase refers to a promise to pay that is unenforceable for lack of adequate consideration. This interpretation reasonably exempts the issuer of a dishonored check from criminal liability based on a well-established rule of contract law, whereas Schouweiler's interpretation leads to unreasonable results. *See State v. Soukup*, 656 N.W.2d 424, 427 (Minn. App. 2003) (noting that "[w]hen determining legislative intent, we presume that the legislature did not intend an absurd result," and that "courts should give a reasonable and sensible construction to criminal statutes" (quotation omitted)), *review denied* (Minn. Apr. 29, 2003). Under Schouweiler's interpretation, if a payor gives a service provider a dishonored check when the service is provided, the payor may be criminally liable because the check and the service were exchanged contemporaneously. But if the payor delays payment and then tenders a dishonored check, the payor is not criminally liable. Schouweiler's interpretation thereby eliminates the possibility of criminal liability for a dishonored check that is tendered for delayed and even past-due payments. We presume that the legislature did not intend this unreasonable result. *See id.*

In sum, the past-consideration exemption is intended to apply to promises to pay arising under contract law. Schouweiler's obligation to pay her property taxes, however, is statutory, not contractual. *See* Minn. Stat. § 272.01, subd. 1 (2014) (stating that all real property in Minnesota is taxable except property that is by law exempt from taxation); *see also* Minn. Stat. § 279.01, subd. 1 (2014) (providing a penalty for failure to timely pay

property taxes).  Because Schouweiler is statutorily obligated to pay her property taxes, the past-consideration exemption under Minn. Stat. § 609.535, subd. 5, simply does not apply.

Schouweiler notes that the state may assess fines and civil penalties against delinquent taxpayers and may also institute civil forfeiture proceedings to recover delinquent property taxes.  *See* Minn. Stat. §§ 279.001-.37 (2014) ("Delinquent Real Estate Taxes"); §§ 280.001-.43 (2014) ("Real Estate Tax Judgment Sales"); §§ 281.001-.40 (2014) ("Real Estate Tax Sales, Redemption"); §§ 282.01-.40 (2014) ("Tax-Forfeited Land Sales").  Schouweiler points out that she already has been assessed civil fines and penalties and argues that as a matter of public policy, the issuer of a dishonored check for property taxes should not also be criminally penalized.  Schouweiler's policy argument is unavailing.  This court's sole task is to determine whether the past-consideration exemption under Minn. Stat. § 609.535, subd. 5, applies and not whether it was prudent for the state to criminally charge Schouweiler under Minn. Stat. § 609.535, subd. 2.  *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) ("The function of the court of appeals is limited to identifying errors and then correcting them.").

We reverse the district court's order for dismissal and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**