*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2095**

State of Minnesota,
Respondent,

vs.

Susan Patrice Long,
Appellant.

**Filed November 21, 2016
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27CR151464

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from her conviction for second-degree assault, appellant argues that her conviction must be reversed because the district court's jury instructions materially misstated the law on self-defense.  We affirm.

## FACTS

Appellant Susan Patrice Long and C.T. knew each other for many years and were romantically involved at times.  On January 14, 2015, appellant and C.T. were at appellant's apartment.  They began to argue, the argument escalated into a physical confrontation, and appellant stabbed C.T., resulting in appellant being charged with second-degree assault.  Appellant claimed self-defense.

Appellant and C.T. provided different accounts of what occurred during their confrontation.  Appellant testified that they argued because C.T. had become involved with another woman, during their argument she asked C.T. to leave, and C.T. pushed her.  She stated that she went into the kitchen where C.T. pushed her again.  Then, according to appellant, her hand went back and she "just picked up something and . . . swung it at him."  Appellant missed C.T., she was pushed again, and she swung a second time, stabbing C.T.  Appellant testified that she feared for her safety when she stabbed C.T.

C.T. denied there was an argument and claimed that appellant alone became irate. He testified that appellant grabbed him, he tried to push her away, "smacked her hand down," went to the doorway with the intention of leaving, and attempted to put on one of his shoes.  He stated that appellant then retrieved a knife from a drawer.  C.T. claimed

2

that while he was attempting to put on his shoe, appellant grabbed him and swung the knife at him twice, missing the first time, but stabbing him the second time. He admitted to pushing appellant when she came at him with the knife. C.T. received a serious puncture wound to the back of his thigh, near his buttocks.

The district court instructed the jury on the law of self-defense both at the beginning of trial and during the final charge. At the beginning of trial, the district court stated that the third element of the crime was that appellant "was not acting in self-defense." The following instruction was given: "[T]he use of force in self-defense must have been done in the belief that it was necessary to avert bodily injury." The district court summarized the state's burden to overcome the defense as follows:

> [T]he state satisfies this third element [of the crime] by proving beyond a reasonable doubt any of the following four things:
>
> [(1)] [appellant's] use of force was unnecessary under the circumstances to prevent bodily injury;
> [or]
> [(2)] [appellant's] belief that it was necessary to use force to prevent bodily injury was unreasonable;
> [or]
> [(3)] [appellant] used excessive force under the circumstances;
> [or]
> [(4)] it was reasonably possible for [appellant] to avoid the danger by retreating and she failed to do so, unless she was in her own home, where she has no duty to retreat.

At the close of trial, the district court gave the following additional instructions, stating that these instructions should take precedence over the earlier instructions:

> The third element is that [appellant] was not acting in self-defense.

3

I do need to explain "self-defense" to you. The law permits a person who acts in good faith to use force against another person in self-defense provided certain conditions are met:

First, it must be done in the belief that it was necessary to avert bodily injury. The use of force to obtain revenge, out of anger, or gratuitously is not permitted by the law.

Additionally, [appellant's] belief that she needed to use force must have been a reasonable belief, that is, a reasonable person under the same circumstances would have also believed that using force was necessary.

Moreover, the amount and type of force used . . . must not have been excessive, but only such force as was necessary to prevent, resist, or defend against an assault. In assessing whether the amount and type of force was excessive, you should consider the extent of the danger that was presented and whether there were alternative ways to avoid it, if it was reasonably possible to do so.

Furthermore, in defending against an assault, one has a duty to retreat to avoid the danger if it is reasonably possible to do so. But there is no duty to retreat from one's own home before defending oneself.

And finally, if [appellant] was the one who initially started the fight, the right of self-defense is not immediately available to her. To regain her right of self-defense, she must do the following: discontinue the fight, attempt in good faith to escape from it, and clearly show the other person that she wants to stop the fight. Only after these steps are taken is she allowed to resume the use of force in self-defense.

The district court then instructed the jury that the state could satisfy the self-defense element of the crime by proving beyond a reasonable doubt that "[appellant's] use of force was unnecessary under the circumstances to prevent bodily injury; or

4

[appellant's] belief that it was necessary to use force to prevent bodily injury was an unreasonable belief; or [appellant] used excessive force under the circumstances."

The jury found appellant guilty, and this appeal followed.

### D E C I S I O N

Appellant asserts the district court misstated the law on self-defense by limiting the defense to only those situations where one is defending against injurious conduct. Appellant did not object to the jury instructions at the time of trial.

The failure to object to jury instructions "generally constitutes a waiver of the right to appeal" any error in the instructions. *State v. Cross*, 577 N.W.2d 721, 726 (Minn. 1998). Nonetheless, "a failure to object will not cause an appeal to fail if the instructions contain plain error affecting substantial rights or an error of fundamental law." *Id.*; *see also State v. Gunderson*, 812 N.W.2d 156, 159 (Minn. App. 2012) (reviewing unobjected-to jury instructions for plain error).

"Under the plain-error standard, [an appellate court] review[s] the jury instructions to determine whether there was error, that was plain, and that affected [appellant's] substantial rights." *Gunderson*, 812 N.W.2d at 159. If the three prongs of the plain-error test are met, an appellate court must then decide whether to "address the error to ensure fairness and the integrity of the judicial proceedings." *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998).

This court must first determine whether the instructions on self-defense in this case constituted plain error. Generally, an error is plain if it "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006).

5

A person may claim self-defense if the person "reasonably believes that force is necessary and uses only the level of force reasonably necessary to prevent the bodily harm feared." *State v. Devens*, 852 N.W.2d 255, 258 (Minn. 2014). The right to self-defense is codified in Minn. Stat. § 609.06, subd. 1(3) (2014). *Id.*

Under section 609.06, subdivision 1(3), a person may use reasonable force to defend "an offense against the person." This section has been interpreted to include four elements:

> (1) the absence of aggression or provocation on the part of the defendant; (2) the defendant's actual and honest belief that he or she was in imminent danger of . . . bodily harm; (3) the existence of reasonable grounds for that belief; and (4) the absence of a reasonable possibility of retreat to avoid the danger.

*Devens*, 852 N.W.2d at 258 (quotation omitted).

Appellant asserts that the district court erred by instructing the jury that self-defense must be used to defend "bodily injury," rather than instructing the jury that self-defense can be used to defend an "offense against the person," the language used in Minn. Stat. § 609.06, subd. 1(3). Appellant cites *State v. Soukup* for the proposition that one can use self-defense to resist non-injurious conduct. 656 N.W.2d 424 (Minn. App. 2003), *review denied* (Minn. Apr. 29, 2003).

In *Soukup*, a man grabbed the back of his brother's coat, a physical altercation ensued, and both brothers were charged with disorderly conduct. *Id.* at 427. The brother whose coat was grabbed claimed self-defense. *Id.* The district court ruled that self-defense did not apply against a charge of disorderly conduct. *Id.* On appeal, this court

held that Minn. Stat. § 609.06, subd. 1(3), is not offense-specific, and self-defense can be raised against a charge of disorderly conduct. *Id.* at 428-32.

Although self-defense is not offense specific, this court noted in *Soukup* that "self-defense does not apply to all behaviors that may constitute violations of the disorderly conduct statute." *Id.* at 429. For self-defense to apply, the behavior being resisted "must be considered an offense of a physical nature, carrying the potential to cause bodily harm, that is, an 'offense against the person.'" *Id.* In *Soukup*, this court ruled that "self-defense is applicable to a charge of disorderly conduct where the behavior forming the basis of the offense presents the threat of bodily harm." *Id.* This ruling is consistent with the district court's instruction in this case that self-defense may be used only in the belief that it was necessary to avert bodily injury.

Appellant argues that the district court's jury instruction did not follow the language of Minnesota's self-defense statute, Minnesota caselaw, or the pattern jury instructions. However, a district court has "considerable latitude" in the selection of language for jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011).

Here, the district court did not give a verbatim recitation of the general pattern jury instruction. 10 *Minnesota Practice*, CRIMJIG 7.05 (2015). Still, the jury instructions provided by the district court were not plainly erroneous.

The district court listed three elements for self-defense: (1) a reasonable belief that defensive force was necessary to avert bodily injury; (2) a reasonable amount of force used; and (3) a duty to retreat if possible (unless defending one's home). The district court also addressed the availability of the defense in cases where the defendant was the

7

aggressor. These instructions on self-defense are consistent with the four elements listed in *Devens*. 852 N.W.2d at 258. The district court's instruction limiting excessive force is consistent with Minn. Stat. § 609.06, which only allows reasonable defensive force. Further, CRIMJIG 7.05 specifically refers to a belief that "bodily injury" is about to be inflicted, the same term used by the district court in this case. In sum, the district court's jury instructions on self-defense were not plainly erroneous.

**Affirmed**.